188 So. 240

## BROWER v. FENNER & BEANE.

### 6 Div. 452.

Supreme Court of Alabama.

March 30, 1939.

Rehearing Denied May 4, 1939.

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellees.

KNIGHT, Justice.

The plaintiffs, doing business under the partnership name of Fenner & Beane, brought this suit against the defendant, Walter S. Brower, to recover a sum of money alleged to be due them on account of certain business dealings between said parties during the year 1929. Plaintiffs' complaint consists of the common counts. The defendant pleaded the general issue, tender, and payment.

At the conclusion of the evidence the court gave, at the request of the plaintiffs, the general affirmative charge, with hypothesis; and the court also, at the request of the defendant, gave the following charge to the jury: "If you do not believe the evidence your verdict cannot be for the plaintiff."

Winnowed of all immaterial and irrelevant matter, the evidence shows: That the defendant in February, 1929, owned 355 shares of the capital stock of the Insurance Securities Company, Inc., represented by a single certificate numbered 6205–; that he desired to sell 300 shares of this stock, and to that end, on February 15, 1929, he delivered said certificate to the Birmingham office of the plaintiffs, with directions that 300 shares thereof be sold; that pursuant to defendant's said instructions, 300 shares of said stock were, in fact, sold on the New York Curb Exchange on February 15, 1929, at the price of $32 per share, or a total of $9600, and that, after deducting, their commissions and taxes, the plaintiffs, on February 19, 1929, paid to the defendant the residue of the sale price of said 300 shares, amounting to $9553.80.

Subsequent to the sale of said 300 shares of stock, that is to say, on March 8, 1929, a dividend of 35 cents per share was declared on said stock to the stockholders of record as of March 8, 1929. This dividend was actually paid on April 1, 1929.

The evidence further shows, without conflict, that although Brower had sold and delivered, through the plaintiffs, the 300 shares of stock prior to March 8, 1929, the said shares had not been on that date actually transferred on the books of the company to the purchasers of the same. So that, on said date, the 300 shares of stock, along with the other 55 shares, appeared on the books of the company as still belonging to the defendant, although, as a matter of fact, 200 shares of said stock had been sold to Arthur Lipper and 100 shares had been sold to R. B. Logan, and said purchasers were on the day the dividends were declared the legal and equitable owners of the 300 shares of stock, and the defendant had no real interest in the same.

It further appears that Fenner and Beane at the time the dividends were declared and paid had not had the certificate transferred on the books of the Insurance Securities Company, Inc., so as to show that the said Lipper owned 200 shares, and the said Logan owned 100 shares, and the said defendant 55 shares of said capital stock. On the books of the company, the said Brower appeared as the sole owner

of the said stock. In distributing the dividend, the Insurance Securities Company, Inc., paid to said Brower the entire dividend declared on said 355 shares. The brokers, plaintiffs, paid to the said purchasers of the 300 shares the amount of the dividend declared on their stock, to-wit, $124.25, and also remitted to Brower $19.25, representing the dividend on 55 shares of said stock still owned by the defendant.

Demand was made on defendant by the plaintiffs for the payment to them of the dividend on the 300 shares of stock paid by the Insurance Securities Company, Inc., and retained by him, and also for the return of the $19.25, paid to it by the plaintiffs. Brower refused to pay the plaintiffs the said dividend of $124.25 so paid to him by the Insurance Securities Company, Inc., but did offer to return the $19.25.

This suit is to enforce the payment of the said $124.25, and the interest thereon.

The only question of merit presented by this appeal is: Under the undisputed evidence, are plaintiffs, as a matter of law, entitled to recover of the defendant the amount of the dividend, $124.25, which the Insurance Securities Company, Inc., has paid to the defendant under the assumption that he was still the owner of said stock, and which these plaintiffs had made good to the said Lipper and Logan, the purchasers?

We excerpt the following statement from brief of counsel for appellant:

"At the outset, it is proper to state that we concede, and will hereinafter make no attack upon the rule sustained by the great weight of authority, that, as between successive owners of shares of corporate stock, the right of the transferees to all dividends declared after the date of the transfer, even though the stock was only transferable upon the books of the company and such had not been done, are paramount to those of the transferor. (See in this connection 14 C.J., p. 752, § 1149). In other words, we concede that as between the appellant in this case and those to whom his stock was transferred, the latter's right to the dividend in question was superior to that of the appellant. But in making this concession, we deny emphatically that this superior right subsists in the appellee. On the contrary, we submit that the facts in this case show beyond peradventure that the appellees were not entitled to these dividends as against the claim of the appellant; that the appellees were, at best, merely volunteers, who may have (or may not have) paid the claim of the transferees of appellant's stock, without any legal compulsion so to do, and as a result thereof are not only not entitled to recover of the appellant as for money had and received, but, by such payment, have extinguished any obligation which may have been due by the appellant to the transferees of such stock."

We cannot agree with counsel for appellant that in paying to the purchasers of the defendant's 300 shares of stock the dividend declared thereon by the company on March 8, 1929, the plaintiffs were, "at best, merely volunteers, and as such have no right to reimbursement of the amount so paid out by them." These purchasers, as a matter of law, were entitled to the dividends as against the defendant. Duke v. Cahawba Navigation Company, 10 Ala. 82, 44 Am.Dec. 472; 14 C.J., § 1149, p. 752.

These plaintiffs were the brokers, and, therefore, the agents of defendant to whom the latter had intrusted the sale of certain of its stock upon the New York Curb Exchange, and this appointment, of course, carried with it the authority, and imposed the duty, of doing all acts necessary, or customary, to complete the transaction intrusted to them as such brokers and agents.

"As a general rule, where an agent is employed or directed by another to do an act in his behalf, the law implies a promise of indemnity of the principal for damages resulting to an agent proximately from the execution of the agency, and of reimbursement for necessary expenses advanced or incurred by the agent in order to consummate that which he is directed to do." 2 American Jurisprudence, § 294, p. 231.

"It is another general proposition, in respect to the relation between principal and agent, that a request to undertake an agency or employment, the proper execution of which does or may involve the loss or expenditure of money on the part of the agent, operates as an implied request on the part of the principal, not only to incur such expenditure, but also as a promise to repay it or reimburse the agent. So that the employment of a broker to sell property for future delivery implies not only an undertaking to indemnify the broker in respect to the execution of his agency, but likewise implies a promise on the part of the principal to repay or reim-

burse him for such losses or expenditures :as may become necessary or may result from the performance of his agency." Bibb v. Allen, 149 U.S. 481, 13 S.Ct. 950, 956, 37 L.Ed. 819; Bayley v. Wilkins, 7 C. B. 886; Smith v. Lindo, 5 C.B.,N.S., 586; 8 American Jurisprudence, § 197, p. 1105.

Under the facts in this case, and the law applicable thereto, the plaintiffs, in paying the dividends in question, were not mere volunteers and are not precluded from recovery in this action upon that theory. The defendant has shown no legal right whatsoever to retain the dividends paid to him by the Insurance Securities Company, Inc., while on the contrary, upon all legal and equitable principles, applicable to the undisputed evidence in this case, the plaintiffs were entitled to recover of the defendant the amount paid by them, as dividends, to the purchasers of said stock, the amount being $124.25, and upon this .amount plaintiffs were entitled to interest.

To recover this money, the plaintiffs have properly resorted to the equitable action of indebitatus assumpsit, which is always available in cases like the present. .Assumpsit will always lie wherever the circumstances are such that the law, ex debito .justitiae, will imply a promise.

Under the undisputed evidence in this ·case, the plaintiffs were entitled to recover, .and the court committed no error in giving the jury the general affirmative charge .in their behalf.

The other questions presented on this appeal are manifestly without merit.

It follows that the judgment of the court `below is due to be affirmed. It is so order-·ed.

Affirmed.

ANDERSON, C.J., and THOMAS and BROWN, JJ., concur.