171 So.2d 408 (1965)
The WINGREEN COMPANY, a Florida corporation, Appellant,
v.
MONTGOMERY WARD & CO., Inc., an Illinois corporation authorized to do business in the State of Florida, Appellee.
No. 64-598.
District Court of Appeal of Florida. Third District.
February 2, 1965.
Rehearing Denied February 24, 1965.
*409 James F. Pollack, Miami, for appellant.
Johnston, Lilienthal & Johnston, West Palm Beach, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
The appellant, defendant in the trial court, seeks review of an adverse summary final judgment. The plaintiff in the trial court filed a common law action in three counts: Count 1. Action on breach of contract. Count 2. Common law action for goods bargained and sold. Count 3. Action for account stated. To this complaint, an answer of general denial was filed. Subsequent to the taking of depositions of the principals of the defendant corporation, the plaintiff moved for a summary judgment.
It is apparent, under the evidence, that the defendant did receive goods and products of the plaintiff in the form of furnishings for an apartment house and, in fact, has used same for a period in excess of two years. And, it was conceded that the value of the goods was in accordance with the amount sought by the plaintiff. The defendant having admitted the receipt of the goods; having admitted the reasonableness of the value; having admitted the dominion of the goods to the extent that it had placed a lien on them, we find no error in the summary final judgment entered requiring it to pay for the chattels, and affirm.
It is apparent that in the beginning of the negotiations the parties had planned to formalize their agreement by certain written documents. It is also apparent that the documents were never completed as to the terms relative to the mode of payment. It was the contention of the defendant that the items were to be purchased on credit, with the installments maturing over a period of seven years. Recovery is not supportable on the contract account. It is supportable under the account for goods bargained and sold and, the record supporting the judgment in this particular, it will therefore be affirmed. See: State ex rel. Bodner v. Florida Real Estate Commission, Fla. 1956, 99 So.2d 582; Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535.
Notwithstanding its answer of general denial, the defendant attempted to raise an affirmative defense by responsive affidavit to the motion for summary judgment. However, it is well established in the *410 law of this State that affirmative defenses must be pleaded and it is not sufficient to sustain a defense to a summary judgment motion to allege such in affidavits. See: Fink v. Powsner, Fla.App. 1958, 108 So.2d 324; Mark Leach Health Furniture Co. v. Thal, Fla.App. 1962, 143 So.2d 64. The remaining assignment of error urged by the appellant [as to the untimely affidavit, which certainly was not good practice] appears to be merely harmless, as the net effect of said affidavit was to reduce the liability of the defendant. Without the affidavit, the trial judge would have been correct in entering a summary judgment for approximately an additional $1,100.00 against the defendant.
Therefore, for the reasons stated above, the summary final judgment here under review is hereby affirmed.
Affirmed.