PEARSON, Judge.
The appellants and the appellee were co-defendants in a suit brought against them by Jack O’Dare (not a party to this appeal). Palmer answered and filed a cross-claim alleging he was the owner of the stock of Turf Express. Other cross-claims not now in issue were filed. Jack O’Dare’s suit was settled. The court thereafter heard testimony on the cross-claims and held that Louis Cohen owned all the stock of Turf Express. Without amending his pleadings, Palmer moved for a summary judgment against Turf and the Cohens on a promissory note which had been introduced into evidence during the trial of the cross-claims. The court entered a summary final judgment in Palmer’s favor and against Turf Express for $12,083.38, the amount of the principal balance of the promissory note, but it rejected Palmer’s claim for interest and attorney’s fees. Turf Express and the Cohens instituted this appeal from that summary judgment. Palmer has filed cross assignments of ■ error directed to the court’s failure to award interest and an attorney’s fee.
Appellants’ first point urges that the court erred in entering a summary judgment upon the promissory note because the ap-pellee filed no pleading which could form the basis for such a judgment. We hold that the entry of the summary final judgment was error and reverse. As set forth *462 above appellee’s initial pleading was an answer to O’Dare’s complaint and a cross-claim. The cross-claim sought, among other things, an injunction against appellant Turf Express to prevent it from transferring any of its assets, an accounting, and such other relief “as may be proper under the circumstances.” The cross-claim made no reference to the promissory note which was the subject matter of the summary final judgment. The decree which terminated that portion of the litigation involving ownership of Turf Express expressly reserved jurisdiction as follows:
“That the court retains jurisdiction of the causes and issues between the parties for the further purpose of making a complete adjudication of the entire case, including the settlement of the equitable and legal relief to which the Defendant, Cross-Claimant, PAUL R. PALMER, Executor of the Estate of CHRISTOPHER E. PALMER, may be entitled to as a result of his relationship with the Plaintiffs and other Defendants to this cause.”
It is appellee’s position that this reservation of jurisdiction for the express purpose of settling claims, the motion for a summary judgment and accompanying affidavit, and the appellants’ reply affidavit constitute a basis for the summary judgment on the promissory note. It is true that the promissory note had been introduced into evidence during the trial of the issues leading to the decree which settled the issue of ownership of Turf Express stock. No transcript of these trial proceedings is before this court.
Rule 1.510(c), Florida Rules of Civil Procedure, 31 F.S.A., expressly provides :
“The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file * * * show ■ that there is no .genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law.” [Emphasis added.]
The appellant filed an affidavit in opposition to the summary final judgment alleging, among other things, the affirmative defense of lack of consideration. It has been held that a defendant seeking to resist a motion for summary judgment by means of an affirmative defense may not use an affidavit as a substitute for a pleading. Wingreen Company v. Montgomery Ward & Co., Fla.App. 1965, 171 So.2d 408, cert. den. 177 So.2d 477 (Fla.1965). We think that a similar rule must apply to the moving party, that an affidavit upon a motion for a summary judgment may not be substituted for a complaint. Indeed, the very language of Rule 1.510(c), supra, seems to provide for a summary judgment only when the claim is supported by “the pleadings.” A trial court may not grant a summary judgment upon an issue raised by an affidavit in support of the motion rather than by a complaint.
This holding appears necessary to us, because a contrary holding would deprive the party defending against the motion for summary judgment of an opportunity to raise defenses to the claim. If the rule denying the defending party the opportunity to substitute affidavits for pleadings were to be relaxed in the case before us, and if the complaining party were to be permitted to substitute an affidavit for a complaint, the result would be a trial by affidavit, rather than the kind of trial required by the Florida Rules of Civil Procedure. See especially Rules 1.050, 1.100, 1.110, 1.140, Florida Rules of Civil Procedure, 30 F.S.A.
The appellee urges that the judgment may be sustained by the application of Rule 1.190(b), Florida Rules of Civil Procedure, which reads in part: “When issues not raised by the pleadings are tried by express ' or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings * * [Emphasis added.] We think that this provision of the rule by its express language is limited to the resolution of issues at a full trial; it does not apply to summary proceedings.
*463 Having determined that the summary final judgment must be reversed upon appellants’ first point, we do not consider their second and third points, which allege the existence of genuine issues as to material facts and a violation of the time of service requirement of Rule 1.510(c), supra; nor do we consider appellee’s cross assignments of error alleging that the court erred in failing to award interest and attorney’s fees on the note. A full opportunity should be given appellee to present his position to the trial court when the case is tried.
Reversed and remanded.