METZGER, JOSEPH P., Associate Judge.
This is an appeal from a final summary judgment entered in favor of the plaintiff-appellee, Goodbody & Co., against the defendant-appellant, Couchman.
The record reveals that on August 4, 1967, Couchman requested the Fort Lauder-dale office of Goodbody & Co. to sell for his account 230 shares of the common stock of Roltec, Inc. The request to sell was complied with on .the same date and thereafter on August 10, 1967, Goodbody remitted the proceeds of the sale to Couch-man.
Subsequently, either on August 10 or 11, 1967, (the record is in conflict), the Board of Directors of Roltec, Inc. declared a special dividend of $9.00 per share on the common stock of the corporation payable August 25, 1967, to stockholders of record on August 15, 1967.
The dividend of $1800.00 was paid directly to the defendant Couchman by Roltec ' Inc.
*843 The subsequent purchaser of the stock demanded payment from Goodbody & Co., as the selling broker, of the dividend payment. Goodbody complied. However, the brokerage firm’s demands upon Couchman to return the dividend payment were unsuccessful.
Goodbody instituted suit against Couch-man and in its complaint Goodbody alleged that Roltec, Inc. mistakenly and erroneously remitted to Goodbody, as agent for Couchman, the amount of the dividend and thereafter Goodbody, being without knowledge of the mistake, paid the $1800.-00 dividend to Couchman.
In response to the complaint, Couchman’s answer denied receipt of the dividend payment from the plaintiff broker. Couch-man’s subsequent affidavit in opposition to Goodbody’s motion for summary judgment stated that no sum was paid by Good-body to the defendant other than the amount representing the sale of the 230 shares of stock.
It was in this posture that the cause proceeded to hearing on the motion of Goodbody for summary judgment. Final summary judgment was entered against Couchman, rehearing denied and this appeal ensued.
Goodbody relies heavily on the case of Brower v. Fenner & Beane, 1939, 237 Ala. 632, 188 So. 240, a case bearing facts not dissimilar from the case sub judice. However, it should be noted that the Brower case, supra, was resolved, not via summary judgment proceedings, but rather via a jury trial.
It is clearly established that at a hearing on a motion for summary judgment, the issues to be considered are those made by the pleadings. Holl v. Talcott, Fla.1966, 191 So.2d 40.
In Turf Express, Inc. v. Palmer, Fla.App.1968, 209 So.2d 461, the parties involved in the appeal were co-defendants in a suit brought against them by one O’Dare. Palmer answered O’Dare’s complaint and also filed a crossclaim alleging he was the owner of the stock of Turf Express. The O’Dare suit was settled and the court subsequently heard testimony on the crossclaims holding that one Louis Cohen owned all the stock of Turf Express. Without amending his pleadings, Palmer moved for a summary judgment against Turf Express and the Cohens on a promissory note which had been introduced into evidence during the trial of the crossclaims.
The court entered a summary final judgment in favor of Palmer and against Turf Express. An appeal was taken. The entry of the summary final judgment was adjudicated erroneous.
At pages 461-462 the Third District Court of Appeal declared:
“Appellants’ first point urges that the court erred in entering a summary judgment upon the promissory note because the appellee filed no pleading which could form the basis for such a judgment. We hold that the entry of the summary final judgment was error and reverse. As set forth above appellee’s initial pleading was an answer to O’Dare’s complaint and a cross-claim. The cross-claim sought, among other things, an injunction against appellant Turf Express to prevent it from transferring any of its assets, an accounting, and such other relief 'as may be proper under the circumstances.’ The cross-claim made no 'reference to the promissory note which was the subject matter of the summary final judgment.” (emphasis added.)
Continuing at p. 462 supra, the court stated:
“It is true that the promissory note had been introduced into evidence during the trial of the issues leading to the *844 decree which settled the issue of ownership of Turf Express stock. * * *
" * * *
“Indeed, the very language of Rule 1.510(c), supra, seems to provide for a summary judgment only when the claim is supported by ‘the pleadings.’ A trial court may not grant a summary judgment upon an issue raised by an affidavit in support of the motion rather than by a complaint.
“This holding appears necessary to us, because a contrary holding would deprive the party defending against the motion for summary judgment of an opportunity to raise defenses to the claim. If the rule denying the defending party the opportunity to substitute affidavits for pleadings were to be relaxed in the case before us, and if the complaining party were to be permitted to substitute an affidavit for a complaint, the result would be a trial by affidavit, rather than the kind of trial required by the Florida Rules of Civil Procedure.”
Here, as in the Palmer case, no amendment of the pleadings was employed before the movant Goodbody sought summary judgment. The Florida Rules of Civil Procedure provide ample opportunity for amendments and supplements to pleadings. The appellee did not avail itself of the provisions of Rule 1.190, Florida Rules of Civil Procedure, 30 F.S.A., and thus, this matter falls within the ambit of the rule enunciated in the Palmer case, supra.
Accordingly, the summary final judgment is reversed and this cause remanded.
REED, J., concurs.
CROSS, C. J., concurs in conclusion.