254 So.2d 556 (1971)
ACCURATE METAL FINISHING CORP., a Florida Corporation, and Ben H. Lynn, Appellants,
v.
Jack CARMEL, Appellee.
No. 71-143.
District Court of Appeal of Florida, Third District.
November 2, 1971.
Rehearing Denied December 10, 1971.
Berkell & Strauss and Ronald A. Silver, North Miami Beach, for appellants.
Paul & Thomson, Miami, and John W. Kearns, Key Biscayne, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellants were defendants in an action brought by plaintiff-appellee to recover *557 principal, interest and attorney fees which the plaintiff was compelled to pay by reason of his endorsement of promissory notes made by defendant-Accurate Metal Finishing Corp., by its president, defendant-Lynn, payable to Central Bank & Trust Company. Lynn was also an endorser on the notes. His name appeared on the back of the notes above the plaintiff's endorsement.
The defendants' answer denied the allegations of the complaint and affirmatively asserted lack of consideration. The plaintiff moved for a summary judgment in his favor pursuant to Rule 1.510 Florida Rules of Civil Procedure, 31 F.S.A. on the ground that there were no genuine issues as to any material fact and that plaintiff was entitled to a judgment as a matter of law. The plaintiff supported the motion by affidavits. Defendants filed opposing affidavits which they rely upon as being sufficient to deprive the plaintiff of a summary judgment. The matters in the affidavit Lynn so heavily relied on as a defense to the notes were to the effect that the notes when given to the defendant-Lynn for his signature already bore the endorsement of the plaintiff, and Lynn signed his name above that of the plaintiff on a line under which his name had been typed. See §§ 673.414, 673.415 and 673.208, Fla. Stat. 1969, F.S.A. (Uniform Commercial Code).
The trial judge, after considering the pleadings, exhibits and affidavits, entered a summary final judgment in favor of the plaintiff in the amount of $35,851.97 which included principal, interest and attorney's fees. Rehearing was denied defendants and they appealed.
The point on appeal is whether or not the trial court erred in entering summary final judgment for the plaintiff.
The defendants contend that there were triable issues of fact and therefore, the summary judgment should not have been entered. We can not agree and must affirm.
The assertions in the defendant-Lynn's affidavit relating to the order in which the endorsements were made were not properly before the trial court for consideration, inasmuch as, no such defense was asserted in the pleadings. Affirmative defenses must be pleaded and it is not sufficient to sustain a defense to a summary judgment motion to allege such in affidavits. Wingreen Company v. Montgomery Ward & Co., Fla.App. 1965, 171 So.2d 408; Turf Express, Inc. v. Palmer, Fla.App. 1968, 209 So.2d 461.
We have carefully considered the record, briefs and argument of counsel in the light of the rules governing the granting of the summary judgment and have concluded that no reversible error has been made to appear.
Affirmed.