COBB, Judge.
Danford was employed as a police officer by the City of Rockledge. He was dismissed from his employment on two days’ notice. In order to preserve any administrative remedies he might have, Danford filed a petition for declaratory and injunc-tive relief against the City of Rockledge and its chief of police, Richard Kallis. The trial court granted temporary injunctive relief.
Soon thereafter, Danford submitted his resignation with the request that he received certain benefits that an employee is entitled to upon resignation. The attorneys for the parties then entered into a written stipulation that all matters in controversy had been compromised and settled. Dan-ford filed a notice of voluntary dismissal with prejudice. The trial court dissolved the temporary injunction.
Danford subsequently filed a complaint against the City of Rockledge, Richard Kal-lis, and others seeking damages for wrongful discharge, defamation, tortious interference with a contract of employment, and conspiracy to defame.
Without filing an answer, the City of Rockledge and Richard Kallis moved for a summary judgment. Since the trial court initially granted the motion without entering a final summary judgment, we previously withheld ruling on this issue. Danford v. City of Rockledge, No. 78-1350/T4-140, 387 So.2d 967 (Fla. 5th DCA Feb. 27, 1980) [1980 FLW 400]. These parties have now obtained the entry of a final summary judgment so that we now have jurisdiction. Williams v. State, 324 So.2d 74 (Fla. 1975); Burton v. State, 382 So.2d 834 (Fla. 4th DCA 1980).
In support of their motion for summary judgment, the City of Rockledge and Richard Kallis filed the deposition of Everett Van Gaasbeck, who was the attorney for Danford in the prior suit, and certain pleadings, orders, and correspondence from the prior suit. Danford filed an affidavit in opposition to the motion for summary judgment. By this appeal, Danford contends that the trial court erred in entering the final summary judgment in favor of the City of Rockledge and Richard Kallis because it was procedurally premature and because there was a genuine issue of material fact that had not been determined.
Procedurally, we agree with the appellant that an affirmative defense of res judicata or release should not be raised by a *970 motion for summary judgment prior to raising such defense in an answer. B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971); Couchman v. Goodbody & Co., 231 So.2d 842 (Fla. 4th DCA 1970); Turf Express, Inc. v. Palmer, 209 So.2d 461 (Fla. 3d DCA 1968).[1] However, this is a procedural matter that can be waived. It must be timely raised before the trial court in order to give the trial court the opportunity to correct itself. It may not be raised for the first time on appeal. There is nothing in the record before us that shows that Danford ever objected to this procedural irregularity in the trial court. Accordingly, the appellant has waived this procedural error.
Turning to the merits, we have reviewed the documents, correspondence, Van Gaasbeck’s deposition, and Danford’s affidavit, and we agree with the appellant that there are genuine issues of material fact precluding summary judgment. There is apparently a dispute as to: (1) what rights were given up by the compromise and settlement of the first suit, and (2) what was the extent of Van Gaasbeck’s authority as to any compromise made on behalf of Dan-ford. See Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977). Therefore, we reverse this final summary judgment.
REVERSED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Federal practice is different. Diaz-Buxo v. Trias Monge, 593 F.2d 153 (1st Cir. 1979); Lambert v. Conrad, 536 F.2d 1183 (7th Cir. 1976); Miller v. Shell Oil Co., 345 F.2d 891 (10th Cir. 1965).