## BALNICKI ENTERPRISES, INC., etc. v INTERNATIONAL AIRLINE SUPPORT GROUP, INC.

### Case No. 87-10667 CA 25

Eleventh Judicial Circuit, Dade County

July 1, 1987

**APPEARANCES OF COUNSEL**

**Bernard B. Weksler** for plaintiff.

**Alex E. Carlson** for defendant.

**OPINION OF THE COURT**

PHILIP BLOOM, Circuit Judge.

THIS CAUSE duly came before the Court on Plaintiff's Motion for Summary Judgment. At the time of the first scheduled hearing, Defendant had not submitted any opposing papers, and the Court on its own motion, continued the hearing date in order to permit Defendant additional time to respond. Defendant did respond by interposing

two affidavits, one of which raised matters in avoidance of Plaintiff's claim.

1. The pleadings in this case consisted of a complaint alleging the sale of airplane parts for the sum of $14,000.00 and an answer interposing a general denial without any affirmative defenses or counterclaims.

2. Defendant's prime affidavit made by its president, attempted to raise affirmative defenses not plead, including an alleged misrepresentation as to the sale of a specific kind of airplane wing flap. The other affidavit was to the effect that a particular wing flap, if a "series 63," would cost $50,000.00 to repair or overhaul, and would then be worth approximately $185,000; whereas, if the wing flap were of a "series 50," it would cost $50,000 to overhaul, but would be worth approximately $35,000.00.

3. No attempt was made by Defendant to return any of the parts. Instead, the balance of the parts was melted down by Defendant and sold for approximately $290.00.

4. Plaintiff's motion to strike the affidavit of Defendant's President Richard Weldon, is well founded in law. That affidavit attempts to interpose some kind of unclear defense of avoidance, such as failure of consideration, set off, or perhaps even fraud. Such an attempt is contrary to the Rules of Civil Procedure, and of good faith pleading. Rule 1.110(d) FlaRCivP. requires the pleading of "any other matter constituting an avoidance or affirmative defense."

5. In the case at bar, there is no counterclaim or affirmative defense of any kind plead by Defendant.

6. In *Wingreen Company v. Montgomery Ward & Co.*, 171 So.2d 408 (DCA3 1965), the same type of situation was present wherein a general denial was filed as the answer to the complaint. That Court stated the following:

"Notwithstanding its answer of general denial, the defendant attempted to raise an affirmative defense by responsive affidavit to the motion for summary judgment. However, it is well established in the law of this State that affirmative defenses must be pleaded and it is not sufficient to sustain a defense to a summary judgment motion to allege such in affidavits." (at pp. 409-410)

7. See also *Liberman v. Rhyne*, 248 So.2d 242 (DCA 3 1971):

"In remanding the cause we find no error in the ruling that there was no genuine issue of material fact sufficient to preclude a summary judgment. Assuming arguendo, that the affidavit in opposi-

**47**

tion to the motion for summary judgment was properly filed by Haskell Liberman, it is clear that he attempted to raise affirmative defenses in the opposing affidavit. This may not be done as affirmative defenses must be raised in the answer or pleadings of the defendants and may not be raised by an opposing affidavit." (at p. 244)

In *Clutter Construction Company v. Naples Builders Supply Company*, 166 So.2d 813 (DCA3 1964), the Defendant pleaded a generial denial and the Court sustained Plaintiff's objections on the basis that there was no pleading raising an issue of set off for inferior goods. See also *Syncom Corporation v. Bank Leumi Trust Company of New York*, 479 So.2d 207 (DCA3 1985).

Based on the foregoing, the Court finds that Plaintiff's Motion for Summary Judgment is well founded; that there is no proper countervailing affidavit in behalf of Defendant to be considered on Plaintiff's Motion for Summary Judgment; and there is no affirmative defense or counterclaim raised in the pleadings. Accordingly,

it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment be and the same is hereby granted in behalf of Plaintiff, Balnicki Enterprises, Inc., and against Defendant, International Airline Support Group, Inc., a Florida corporation; together with the entry of a final judgment, taxable costs, interest and attorney's fees on the main claim, for all of which the Court reserves jurisdiction for determination thereof.

With respect to Plaintiff's Motion for attorney's fees and contempt as against Defendant for submission of the affidavits, the same is denied in all respects.

DONE AND ORDERED in Chambers, Miami, Dade County, Florida, this 1st day of July, 1987.