553 So.2d 1302 (1989)
Arthur KRONTZ, Appellant,
v.
Loree Rene FEILER and Jeffrey E. Feiler, a/K/a Feiler & Feiler, Appellees.
No. 89-403.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Matt Weinstein, South Miami, for appellant.
Feiler & Feiler and Loree R. Feiler, Miami, for appellees.
Before BASKIN, FERGUSON and COPE, JJ.
COPE, Judge.
Appellant Krontz, who was defendant below, appeals a summary judgment awarding treble damages[1] to plaintiffs on account of a worthless check. We affirm.
Appellees, who were plaintiffs below, brought suit against Krontz in a commercial *1303 dispute relating to a business lease. One count of the complaint made a claim under section 68.065, Florida Statutes (Supp. 1986), alleging that Krontz' check for $1,500 had been returned for insufficient funds. Simultaneously with the filing of the complaint, plaintiffs delivered the statutory thirty-day notice required by subsection 68.065(3). In substance the notice demanded that the amount of the check and statutory service charge be paid within thirty days, and advised of the statutory penalties available in the event of nonpayment.
Twenty-eight days after the filing of the complaint, Krontz moved to dismiss the statutory count on the ground that the suit had been filed prior to the expiration of the thirty-day notice period, and was thus premature. Subsequently, after the thirty-day notice period had expired, the motion was denied as to that count, and the statutory claim was later carried forward in plaintiffs' amended complaint. Eventually the trial judge granted summary judgment on the statutory count, and awarded treble damages, interest, and the statutory fee provided by subsection 68.065(2).
Krontz is correct in saying that the statutory action should not have been filed until the thirty-day notice period had expired. That is so because the statutory notice specifically states, "Unless this amount is paid in full within the 30-day period, the holder of the check or instrument may file a civil action against you for three times the amount of the check ...." § 68.065(3), Fla. Stat. (Supp. 1986) (emphasis added). The intention of the statute is to preclude the necessity for a civil suit by giving the maker or drawer a powerful financial incentive to make payment within the thirty days. Since the action was filed prematurely, Krontz was entitled to an order abating the action until the thirty-day period expired. However, by the time the motion was heard, the thirty-day period had elapsed and Krontz still had not paid. No further abatement was warranted, nor was dismissal required. The motion to dismiss was properly denied.
Krontz also urges that the failure to make payment should be excused. By the time Krontz received the statutory notice, commercial hostilities had erupted, and each party claimed that the other had breached the lease. Krontz argues that his nonresponse to the statutory notice was in essence a stopped payment, and rested on a belief that his own damages would more than offset the amount of the check.
In rejecting that argument we are guided by the terms of the statute. The statute does have a provision, not applicable here, which allows the trier of fact to waive all or part of the statutory damages in case of economic hardship. § 68.065(5), Fla. Stat. Where that defense is not applicable, the maker or drawer must either pay the sum demanded, or if there is a bona fide dispute, the appropriate procedure would be for the maker or drawer of the instrument to interplead the funds. Tendering the sum to the court would, in our view, constitute good faith compliance with the statute and would preclude the claim for treble damages. That is so because the statute is narrowly aimed at nonpayment by reason of insufficient funds. Once the funds are paid or interpled, the statutory objective has been met. A unilateral failure to respond to the notice does, however, trigger the statutory liability. Where, as here, the anticipated setoffs did not materialize to the extent anticipated, there is a net amount owing under the statute.
After careful consideration of the parties' supplemental briefs addressing the computation of the final judgment, we do not disturb the amount awarded.
Affirmed.
NOTES
[1] The terms of the statute are somewhat unusual, in that the treble damage award is in addition to, and not inclusive of, the amount owed on the unpaid check. § 68.065(1), (3), Fla. Stat. (Supp. 1986).