STEVENSON, Judge.
In this appeal we must decide whether the face amount of a worthless check is a part of the statutory damages which may be waived on the basis of economic hardship pursuant to section 68.065(6), Florida Statutes (1993).[1] Because we conclude that the trial court may not waive payment of the face amount of a dishonored check, we reverse.
The facts may be briefly summarized. In July 1991, appellant, C & S Computers (“C & S”), sold computer equipment to Hesslesser-Bodensiek, Inc. for $28,647. Hesslesser-Bo-densiek was owned by three individuals, Richard Hesslesser, John Bodensiek and ap-pellee, Thorwald Bodensiek. As security for the computer equipment, John Bodensiek gave C & S a cheek for $20,000 written on appellee’s account which had previously been signed in blank by appellee. The check amount was actually written out by John Bodensiek but appellee knew that the check had been written and was told that it had been used to buy “miscellaneous” items for Hesslesser-Bodensiek. John Bodensiek did not disclose to appellee the amount of the check nor the actual purpose for which it was used; however, appellee did not ask for further information nor did he attempt to stop payment on the check. Although not expressly stated in the final order (and not an issue raised on appeal), the trial court must have found that appellee, by his actions both before and after the check was written, ratified and confirmed the initial writing of the check.
A short while after the purchase of the computer equipment, John Bodensiek discovered that Richard Hesslesser was a “eon-artist” who had “hoodwinked” the corporation and left town with some of the corporation’s property. John Bodensiek notified C & S and returned the computer equipment. C & S presented the $20,000 check for payment but the check was returned for insufficient funds. By the date of trial, C & S had recouped approximately $21,800 in re-sale of the returned computer equipment.
At the conclusion of the non-jury trial, the court determined that appellee was liable for issuing a worthless cheek in the amount of $20,000. However, the trial court further determined that appellee’s failure to satisfy the dishonored check was due to economic hardship. Relying on the statutory provision which allows for waiver of statutory damages in the event of economic hardship, the trial court concluded that it had authority to waive the face amount of the check. On that point, we disagree and reverse.
Section 68.065(1), Florida Statutes (1993), provides in pertinent part that:
In any civil action brought for the purpose of collecting a check, draft, or order of payment ... the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing. However, in no case shall the liability for damages be less than $50.
The statute makes quite clear that the maker of a dishonored check shall be hable to the payee for the “amount owing upon such check” and for ‘'damages of triple the amount so owing”; however, it states, in no event shall the “liability for damages be less than $50.” A plain reading of the statute compels the interpretation that the word damages in the statute refers to the trebling of the face amount of the check and the minimum $50. The face amount of the check is recognized as the maker’s liability, but not as an element of damage created by the statute. Thus, when section 68.065(6), Florida Statutes (1993), speaks of the court’s authority to waive all or part of the statutory damages due to economic hardship, the term statutory damages refers to those damages which were created by statute, i.e., the treble damages. The obligation to pay the face amount of the check already rests with the maker and does not arise only by operation of the statute.
*1385 We believe that, among other possible reasons, section 68.065(1) provides for a $50 minimum statutory damages award as a safeguard to make it worth the payee’s while to litigate a worthless check where the face amount of the check itself is nominal. For example, if the face amount of a worthless cheek is merely $2.00, treble damages would only bring the award to $6.00, an amount which hardly justifies the parking fees for the payees’ trip to the courthouse. Under the statute’s required minimum award, the payee would be entitled to at least a judgment of $50.00, unless the trial court waives the damages due to economic hardship. § 68.065(6).
Our conclusion that the face amount of the check should not be considered an element of “statutory damages” is also buttressed by section 68.065(3), Florida Statutes (1993), which details the written “form of notice” requirements that must be given to the payor before a payee can seek to recover under section 68.065(1). The relevant part of section (3) states:
Unless this amount is paid in full within the 30-day period, the holder of the check or instrument may file a civil action against you for three times the amount of the check, but in no case less than $50, in addition to the payment of the cheek plus any court costs, reasonable attorney fees, and any bank fees incurred by the payee in taking the action.
This required form puts the maker on written notice that if the payee prevails, there may be statutory damages imposed in addition to the obligation to pay the face amount of the check.
Lastly, we address appellee’s argument on cross appeal that the trial court should have allowed a set-off for the monies which were recouped when some of the computer equipment was resold. We note that when the trial court decided to waive payment of the face amount of the check, consideration of any other defenses to payment became moot. It is perhaps for that reason that the trial court never addressed the defenses in the final order. Accordingly, on remand, the trial court is directed to consider all defenses previously raised by appellee/cross appellant.
REVERSED and REMANDED.
DELL and KLEIN, JJ., concur.

. Section 68.065(6) provides that "If the court or jury determines that the failure of the maker or drawer to satisfy the dishonored check was due to economic hardship, the court or juiy has the discretion to waive all or part of the statutory damages.”