PER CURIAM.
Appellant, F & A Dairy Products, Inc. (F & A), as payee of a check written by appellee, Palm Coast Veal Corporation (Palm Coast), sued Palm Coast under section 68.065(1), Florida Statutes (1999). That section provides that if payment of a check is refused by a drawee-bank for insufficient funds, a payee may bring a cause of action against the drawer for recovery of the amount of the check plus treble the amount of the check. F & A’s cause of action was tried to the court and judgment was entered for F & A for the amount of the check plus treble damages.
Palm Coast filed a motion for rehearing arguing that the payment of the treble damages was an economic hardship which the trial court had the discretion to waive under section 68.065(6), Florida Statutes (1999). After Palm Coast presented its argument at the hearing thereon, the trial court granted the motion for rehearing and waived the treble damage award.
Section 68.065(1), Florida Statutes, provides:
If the court or jury determines that the failure of the maker or drawer to satisfy the dishonored check was due to *804 economic hardship, the court or jury has the discretion to waive all or part of the statutory damages.
The third district discussed the application of this subsection in Krontz v. Feiler, 553 So.2d 1302 (Fla. 3d DCA 1989):
The statute does have a provision, not applicable here, which allows the trier of fact to waive all or part of the statutory of damages in case of economic hardship. § 68.065(5) [now (6) ], Fla. Stat. Where that defense is not applicable, the maker or drawer must either pay the sum demanded, or if there is a bona fide dispute, the appropriate procedure would be for the maker or drawer of the instrument to interplead the funds. Tendering the sum to the court would, in our view, constitute good faith compliance with the statute and would preclude the claim for treble damages.
Id. at 1303 (emphasis added).
The judge or jury, as trier of fact, must determine if the failure to pay was due to economic hardship. In this case the record indicates that Palm Coast did not raise economic hardship as an affirmative defense nor did it present any evidence at the trial or at the hearing on the motion for rehearing[1] that payment of the statutory damages would be an economic hardship. As there was no evidence upon which the waiver of the damages could be based, the trial court abused its discretion in so finding. We, therefore, reverse and remand for reinstatement of the treble damage award.
STONE, STEVENSON and HAZOURI, JJ., concur.

. Florida Rule of Civil Procedure 1.530(a)(2000) permits, in matters heard without a jury, the trial court to open the judgment to take additional testimony and enter a new judgment.