PER CURIAM.
Ricardo Alfonso (“the defendant”) appeals the written denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We reverse.
The defendant moved for post-conviction relief based on the trial court’s failure to warn him of the deportation consequences of his plea. See Fla. R.Crim. P. 3.172(c)(8). The trial court denied the defendant’s motion without prejudice as legally insufficient, but stated that the defendant had the right to appeal the ruling within thirty days.
Because the defendant failed to allege that he was subject to deportation based only on the conviction here, the trial court correctly determined that the defendant’s motion was legally insufficient. See Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002). In accordance with Spera v. State, 971 So.2d 754 (Fla.2007), the trial court should have given the defendant an opportunity to amend his motion. This may have been the trial court’s intent when it denied the motion without prejudice. However, because of the contradictory language referring to the defendant’s right to appeal, the order is ambiguous and confusing. Therefore, the defendant may not have understood that he had a right to amend his motion.
Accordingly, we reverse and remand for the defendant to be given an opportunity to amend his motion. If the defendant amends his motion, the amended motion shall relate back to his original motion to satisfy the time requirements of State v. Green, 944 So.2d 208 (Fla.2006).
Reversed and remanded with directions.