ROTHENBERG, J.
Defendant Luz Elisabeth Diaz appeals from a final summary judgment entered in favor of the plaintiff, Bell MicroProducts-Future Tech, Inc., challenging the trial court’s finding of liability and the award of treble damages. We reverse and remand for further proceedings consistent with this opinion.
The plaintiff filed a nine-count complaint against USA Direct Technologies Corp., a dissolved Florida corporation; Barry A. Labarbera; and Diaz. Counts IV through VII allege that between February and March 2006, USA Direct issued four cheeks to the plaintiff in the amounts of $4020, $7350, $4806, and $3630; upon presentation of the checks, the drawee bank refused payment; and thereafter, pursuant to section 68.065, Florida Statutes (2006), the plaintiff made written demand on defendant USA Direct. In addition to the amount of each check, the plaintiff sought treble damages, court costs, prejudgment interest, and reasonable attorney’s fees against USA Direct. The four checks were attached to the complaint.
Count IX alleges that on or about May 2004, Diaz executed a personal guaranty agreeing to pay to the plaintiff any unpaid debts incurred by USA Direct, and that in reliance on the personal guaranty, the plaintiff extended credit to USA Direct in the amount of $20,310.[1] Count IX also alleges that USA Direct owes an additional $59,418 in treble damages pursuant to the allegations set forth in Counts IV through VII of the complaint.[2] Attached to the complaint was a document written in Spanish titled “Garantía Personal,” but an English translation of the document was not attached.
Diaz filed a pro se answer to the complaint, raising, in part, a possible defense to the entry of treble damages — the failure to satisfy the dishonored checks was due to economic hardship as USA Direct was dissolved. Thereafter, the plaintiff moved for a default final judgment against USA Direct and Labarbera, and for summary judgment against Diaz. The trial court entered final summary judgment in favor of the plaintiff against Diaz, awarding the plaintiff the principal sum of $20,310, treble damages in the amount of $47,358, prejudgment interest in the amount of $10,380.37, court costs, and attorney’s fees. The trial court also entered a default final judgment in favor of the plaintiff against USA Direct and Labarbera finding USA Direct and Labarbera liable for treble damages. Diaz’s appeal followed.
Diaz contends that the trial court erred by entering final summary judgment in favor of the plaintiff as to her liability. We agree.
Florida Rule of Civil Procedure 1.130 provides that a written contract or *140 document that forms the basis of a claim for relief shall be attached to or incorporated in the pleading and any exhibit that is attached to the pleading is considered a part of that pleading.[3] The purpose of this rule “is to apprise the defendant of the nature and extent of the cause of action so that he may plead with greater certainty.” Sachse v. Tampa Music Co., 262 So.2d 17, 19 (Fla. 2d DCA 1972).
Here, the plaintiffs claim against Diaz was based on the dishonored checks issued by USA Direct and the alleged “Garantía Personal” signed by Diaz. Although the plaintiff attached the four dishonored checks and the “Garantía Personal,” it failed to attach an English translation of the “Garantía Personal.” As “pleadings are required to be in the English language,” 40 Fla. Jur.2d Pleadings § 13 (2010), the attachment of the untranslated “Garantía Personal” does not satisfy the requirements of rule 1.130(a), and therefore, it is as if the plaintiff failed to attach to the complaint the written contract that formed the basis of its claim for relief against Diaz. As such, the plaintiffs complaint failed to state a cause of action against Diaz, see Safeco Ins. Co. of Am. v. Ware, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981) (“In the case of a complaint based on a written instrument it does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question.”), and therefore, the trial court erred by entering final summary judgment in favor of the plaintiff on the issue of Diaz’s liability. Accordingly, we reverse the final summary judgment entered in favor of the plaintiff and against Diaz, and we remand for further proceedings. Upon remand, the plaintiff is directed to file the translated personal guaranty as an attachment to the complaint.
Although we are reversing the final summary judgment, including the award of damages, prejudgment interest, attorney’s fees, and costs, we address another issue raised by Diaz as it is likely to reoccur on remand. Relying on section 68.065(6), Diaz argued that the trial court erred by entering a treble damage award against her where her answer raised a genuine issue of material fact — whether USA Direct’s failure to satisfy the dishonored checks was due to economic hardship. Section 68.065(6) reads as follows:
If the court or jury determines that the failure of the maker or drawer to satisfy the dishonored check was due to economic hardship, the court or jury has the discretion to waive all or part of the statutory damages.
Whether Diaz can assert this defense is dependent upon the terms of the “Garantía Personal.” Generally, a guarantor steps into the shoes of the original debtor and has all the same obligations and defenses of the original debtor. See City of Lincoln v. Hershberger, 272 Neb. 839, 725 N.W.2d 787, 791 (2007). However, ultimately, a guarantor’s liability is governed by the terms used in the contract. See O’Brien v. Ravenswood Apartments, Ltd., 169 Ohio App.3d 233, 862 N.E.2d 549, 555 (2006) (“[A] guarantor can waive its right to raise the legal defenses of the *141 principal.”); see also 23 Richard A. Lord, Williston on Contracts § 61:47 (4th ed. 2002). Thus, on remand, the trial court must first examine the guaranty to determine whether Diaz is obligated under the terms of the guaranty to pay all or any part of the treble damage award entered against USA Direct. If the guaranty obligates Diaz to respond to the treble damage award to any extent, the court then must proceed further to determine whether the language of the guaranty precludes or limits the ability of Diaz to raise the defense of economic hardship. If the defense is available, the trial court must then consider whether the failure of USA Direct to satisfy the dishonored check was due to economic hardship. If the trier of fact concludes that the failure of USA Direct to satisfy the dishonored checks was due to economic hardship, the trier of fact, in its discretion, may waive all or part of the treble damages as to Diaz. See F & A Dairy Prods., Inc. v. Imperial Food Distribs., Inc., 798 So.2d 803, 804 (Fla. 4th DCA 2001) (holding that the “judge or jury, as trier of fact,” must determine if failure to pay dishonored check was due to economic hardship); C & S Computers, Inc. v. Bodensiek, 662 So.2d 1383, 1384 (Fla. 4th DCA 1995) (“[Wjhen section 68.065(6) ... speaks of the court’s authority to waive all or part of the statutory damages due to economic hardship, the term statutory damages refers to those damages which were created by statute, i.e., the treble damages.”); Krontz v. Feiler, 553 So.2d 1302, 1303 (Fla. 3d DCA 1989) (noting that section 68.065 has a provision “which allows the trier of fact to waive all or part of the statutory damages in case of economic hardship”).
Reversed and remanded for further proceedings consistent with this opinion.

. The $20,310 figure includes the four checks that total $19,804 and additional amounts totaling $504.

. The sole count against Barry A. Labarbera was also based on a "Garantía Personal,” which was not translated into English.

. Florida Rule of Civil Procedure 1.130 provides:
Attaching Copy of Cause of Action and Exhibits
(a) Instruments Attached. All ... contracts, accounts, or documents upon which action may be brought ..., or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading.... (b) Part for All Purposes. Any exhibit attached to a pleading shall be considered a part thereof for all purposes....