PER CURIAM.
Nelson Rodriguez appeals an order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse.
The trial court denied Rodriguez’s motion without prejudice, stating that it is procedurally deficient because Rodriguez submitted his motion partially written in Spanish, without an English translation.[1] Because “pleadings are required to be in the English language,” and Rodriguez did not attach an English translation, Diaz v. Bell MicroProducts-Future Tech, Inc., 43 So.3d 138, 140 (Fla. 3d DCA 2010) (quoting 40 Fla. Jur. 2d Pleadings § 13 (2010)), the trial court’s ruling is correct.[2]
The trial court’s order, however, requires reversal. The trial court denied the motion without prejudice, apparently reflecting its intent to permit Rodriguez to file an amended motion. The order, however, fails to state that Rodriguez may file such amended motion. In addition, despite the denial without prejudice, the trial court’s order contains contradictory language advising Rodriguez that he has the right to appeal the order within thirty days. This language renders the order ambiguous and confusing; the defendant may not have realized that he could remedy the motion’s deficiency by filing an amended motion. See Alfonso v. State, 35 So.3d 978, 979 (Fla. 3d DCA 2010) (holding that order denying Rule 3.850 motion without prejudice (without granting leave to amend) and advising defendant that he has thirty days to appeal renders order “ambiguous and confusing”). Accordingly, we reverse the trial court’s order. On remand, Rodriguez shall have the opportunity to file an amended motion, attaching an English translation of the motion, or to refile the motion written in English, within a reasonable time period.
Reversed and remanded.

. The order, which states that the motion is based on newly discovered evidence, provides, in pertinent part: "With the exception of an initial paragraph and miscellaneous titles, etc., the remainder of the seventeen pages of the motion is written in Spanish without translation. Pursuant to Article 2 section 9 of the Florida State Constitution, English is the language of the State of Florida. The Court can only consider motions which are written in the State language of English. Thus the Defendant's motion is procedurally deficient.”

. We note that Rodriguez has previously filed documents in English and therefore has demonstrated the ability to write or understand the English language or to obtain assistance in the preparation of a translation of the motion. Rodriguez attached to his motion a copy of an unsworn complaint to the Florida Bar, written in English, concerning the competency of his trial counsel, and his reply to the attorney's response, as well as other letters and documents, also written in English.