ROTHENBERG, J.
Greenspoon Marder, P.A. (“Greenspoon Marder”), the purchaser of the assets of Ruden, McClosky, Smith, Schuster & Russell, P.A. (“Ruden McClosky”) in bankruptcy, appeals from an amended order granting Aura Teresa Gallardo Moseoso’s (“Client”) Motion to Strike Purported Attorney’s Lien (“motion to strike attorney’s lien”) filed by Ruden McClosky. As we conclude the trial court erred by granting the Client’s motion to strike attorney’s lien, we reverse the order under review and remand for further proceedings.
In 2006, the Client retained Ruden McClosky to represent her in a lawsuit against Best Meridian Insurance Company (“Best Meridian”). The initial retainer agreement provided for hourly fees. How *328 ever, after the Client fell behind on the payment of the hourly fees, in November 2009, Ruden McClosky and the Client entered into an amended retainer agreement that provided for a contingency fee for fees incurred after the execution of the amended retainer agreement, but also addressed the Client’s responsibility for the payment of unpaid hourly fees that were billed prior to the effective date of the amended retainer agreement.
In October 2010, Ruden McClosky withdrew as counsel because the particular attorneys representing the Client were no longer with Ruden McClosky, and Ruden McClosky did not employ “attorneys in Miami with the factual knowledge of the [Client’s] case to be able to provide services to the [Client] in this litigation in a mutually satisfactory manner.” Thereafter, Ruden McClosky filed its claim of attorney’s charging lien for the unpaid hourly fees.
Following Ruden McClosky’s withdrawal, the Client retained Colson Hicks Eid-son (“Colson Hicks”) on a contingency fee basis, and Colson Hicks, on behalf of the Client, filed a Motion to Strike Purported Attorney’s Lien (“motion to strike attorney’s lien”). Colson Hicks negotiated a settlement between Best Meridian and the Client in late November 2011, resulting in the dismissal with prejudice of the lawsuit.
In April 2012, the motion to strike attorney’s lien was heard. The Client argued that Ruden McClosky was not entitled to an attorney’s lien because it voluntarily withdrew without cause prior to the occurrence of the contingency and Ruden McClosky did not produce any positive judgment or contribute to the settlement. The trial court entered an order granting the Client’s motion to strike attorney’s lien. Greenspoon Marder, the purchaser of Ruden McClosky’s charging lien, appeals the trial court’s order granting the Client’s motion to strike attorney’s lien.
Greenspoon Marder contends that, even though Ruden McClosky withdrew without cause, the trial court erred by striking the charging lien filed by Ruden McClosky where the charging lien was for hourly fees billed prior to the execution of the amended retainer agreement, and where the amended retainer agreement provides that these previously billed, but unpaid, hourly fees were payable upon the conclusion of the litigation between the Client and Best Meridian. We agree.
As the issue presented in this appeal involves the interpretation of the amended retainer agreement entered into between the Client and Ruden McClosky, this Court’s standard of review is de novo. See Avatar Dev. Corp. v. De Pani Constr., Inc., 834 So.2d 878, 876 n. 2 (Fla. 4th DCA 2002) (“The interpretation of a contract is a matter of law for the court, and is therefore a subject of de novo review.”). The amended retainer agreement provides, in pertinent part, as follows:
FEES. The Firm will represent the Client as of the Effective Date of this Amendment on contingency basis. The contingency will only apply to fees incurred after the execution of this Amendment.
The contingency will be as follows:
[[Image here]]
Client shall receive credit against the total amount of fees payable as set forth above for all attorney’s fees paid to the Firm to date.
All fees billed but unpaid prior to the Effective Date of this Amendment will be payable upon conclusion of the matter whether by final judgment that is not subject to any further appeal, by settlement, or at such time as the Firm’s representation of the Client with respect *329 to this matter is terminated, whichever first occurs. They shall be payable at that time through the portion of funds received by the Client if the ease is successful, or from the return of the $278,000.00 premium refund if the case is unsuccessful. This is without limitation on Clients obligation to pay such amount regardless of collection of the premium refund or any other recovery in this matter.
(Emphasis added).
This Court’s interpretation of the amended retainer agreement is consistent with Greenspoon Marder’s argument. The amended retainer agreement specifically provides that “[t]he contingency will only apply to fees incurred after the execution of this Amendment.” Further, in the amended retainer agreement, the Client and Ruden McClosky acknowledge that there were unpaid hourly fees, and the amended retainer agreement sets forth that the Client was still responsible for the payment of the billed hourly fees that remained unpaid as of the effective date of the amended retainer agreement. The amended retainer agreement also set forth when these unpaid hourly fees were payable — “upon conclusion of the matter”— and from which funds they were payable— “the portion of funds received by the Client if the case is successful, or from the return of the $278,000.00 premium refund if the case is unsuccessful.” Therefore, contrary to the Client’s assertion, the attorney’s charging lien was not seeking the payment of a contingency fee, but rather was for unpaid hourly fees.[1] Therefore, we reverse the trial court’s order granting the Client’s motion to strike the attorney’s lien.[2]

. The Client has primarily focused on cases in which the attorney representing the client pursuant to a contingency fee agreement withdrew without cause, and thereafter, the attorney nonetheless sought a portion of the contingency fee. As these facts are not presented in the instant case, the Client's reliance on cases involving that scenario is misplaced.

. The Client argues that she signed two versions of the amended retainer agreement— one in English and the other in Spanish — and because there are significant differences between the two versions, this Court must interpret the Spanish version as it is more favorable to her position. This argument was not raised in the lower tribunal, and therefore, the issue was not developed in the record. For example, there is no translation of the Spanish version. See Diaz v. Bell MicroProducts-Future Tech, Inc., 43 So.3d 138 (Fla. 3d DCA 2010). As such, the Client cannot raise this issue on appeal.