# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.

_____

Nos. 3D14-1053 & 3D14-1572
Lower Tribunal No. 12-27291

_____


**Reid Welch,**
Appellant,

vs.

**The State of Florida,**
Appellee.



An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Reid Welch, in proper person.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.


Before ROTHENBERG, LOGUE and SCALES, JJ.

PER CURIAM.

Appellant, Reid Welch, appeals from the trial court's April 17, 2014, order denying, without prejudice, Welch's Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.

Although the State properly confessed error—based on Rodriguez v. State, 45 So. 3d 938, 939 (Fla. 3d DCA 2010), and Alfonso v. State, 35 So. 3d 978, 979 (Fla. 3d DCA 2010), [1,2]—given Welch's position that, "I positively refuse [the] 'opportunity' to amend the postconviction motion," we affirm the order on appeal.

Affirmed.

---

[1] In these cases, the trial court entered orders denying, without prejudice, the defendant's postconviction motions, reflecting its intent to allow the defendants to file amended motions; yet, in the same order, the trial court also advised the defendants of their right to appeal the order within thirty days. Based on the ambiguity, this court remanded, allowing the defendants to file amended motions.

[2] Florida Rule of Criminal Procedure 3.850(f)(2) states that, when denying a timely Rule 3.850 motion for insufficiency, a trial court is required to enter a nonfinal, nonappealable order allowing the defendant sixty days to file an amended motion.