DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOUIS ATALLAH,** an individual, and
**BAM BAM ENTERTAINMENT, LLC,** d/b/a **CYN NIGHTCLUB,**
a Florida limited liability company,
Appellants,

v.

**TRANSWORLD BUSINESS BROKERS OF FLORIDA, LLC,** d/b/a
**TRANSWORLD BUSINESS ADVISORS,** a Florida limited liability
company,
Appellee.

No. 4D18-3804

[May 20, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE17007634.

David W. Langley of David W. Langley, P.A., Plantation, for appellants.

Jacqueline F. Howe and Edward J. O'Sheehan of Shutts & Bowen LLP, Fort Lauderdale, for appellee.

WARNER, J.

Louis Atallah and Bam Bam Entertainment LLC appeal from a final summary judgment in favor of Transworld Business Brokers of Florida, LLC. The trial court granted summary judgment to Transworld on its claim for breach of contract regarding a commission on the sale of Cyn Nightclub. Because Atallah's affidavit in opposition to the motion for summary judgment created material issues of fact, we reverse.

Transworld is in the business of brokering the sale of businesses. In May 2016, Transworld and Bam Bam Entertainment LLC, d/b/a Cyn Nightclub, entered into a Marketing Agreement whereby Bam Bam agreed to give Transworld the exclusive right to sell Cyn Nightclub for a commission. The agreement contains the name of "Louis Atallah and Ehab Atallah," as principal. After negotiating the agreement, Transworld emailed it to Atallah's daughter, Lulu, who returned it signed allegedly by

Louis Atallah "MGRM," as Bam Bam's managing member and in his individual capacity as a guarantor.

About nine months later, when Transworld learned that Bam Bam was planning to close the business and open under new ownership, it demanded its commission from Bam Bam and Atallah. They refused, and Transworld sued Bam Bam and Atallah for breach of contract. Bam Bam and Atallah answered the complaint and denied many of the allegations. They also alleged affirmative defenses, including that the complaint failed to state a cause of action as no representative of Bam Bam ever signed the alleged contract, nor did Atallah sign the guarantee. Transworld moved to strike the affirmative defenses because the claim that no representative of Bam Bam signed the contract was simply a denial of the allegations of the complaint. The court granted the motion.

Transworld moved for summary judgment on both of its claims, arguing that it was undisputed that Transworld was entitled to the commission because Atallah/Bam Bam had sold the business while the marketing agreement was in effect, and because they had attempted to terminate the agreement prior to the end of the one-year term. In support of the motion, Transworld submitted the affidavit of Thomas Milana, an employee of Transworld, who attested that the Marketing Agreement and the Limited Liability Company Resolution were true and correct and that Atallah had executed the agreement. Milana attested that he had a phone conversation with Louis Atallah where Atallah had asked to cancel the agreement.

Atallah and Bam Bam filed a response in opposition to the motion for summary judgment, arguing that Transworld was not owed a commission, because he did not sign the contract. Atallah submitted an affidavit in which he attested that he had determined the signatures on the Marketing Agreement were not his, and that he never authorized anyone to sign on his behalf. He also stated that he had never met with nor spoken with Thomas Milana or anyone from Transworld. He indicated that English is not his native language, and he would not have been able to communicate with anyone from Transworld by telephone without the assistance of an interpreter.

Despite the existence of the affidavits, the trial court granted summary judgment and entered final judgment in the case. Atallah and Bam Bam appeal.

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law."

*Volusia Cty. v. Aberdeen at Ormond Beach L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgments should only be granted when there is a complete absence of genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Holl v. Talcott*, 191 So. 2d 40 (Fla. 1966). The correctness of a summary judgment is a matter of law which is subject to de novo standard of review. *State v. Presidential Women's Ctr.*, 937 So. 2d 114 (Fla. 2006).

There is a clear conflict in the affidavits on a material issue of fact—whether the contract was signed by an authorized person. The Milana affidavit states that Atallah signed it, and Atallah attested that he did not, nor did he authorize anyone to sign it. He attests that he did not talk to Milana on the phone, because he does not understand English well enough to carry on a phone conversation. These issues are material to the cause of action, and the court erred in granting summary judgment with these issues unresolved.

In defense of the judgment, Transworld contends that because the court struck the affirmative defense in which Atallah stated that he had not signed the contract, summary judgment was proper. Transworld ignores, however, that in its motion to strike it contended that the affirmative defense was merely a denial of the allegations of the complaint. One of the allegations was that Transworld and Atallah entered into the contract, and Atallah denied that allegation. To prove that allegation, Transworld offered Milana's affidavit stating that the parties had entered into the contract. However, Atallah's affidavit that he did not sign the contract refuted that allegation. It raised a material issue of fact.

Transworld argues that the summary judgment should be affirmed, because Atallah failed to produce a transcript of the hearing on summary judgment. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla.1979). However, review of a summary judgment is a matter of law, and *Applegate* does not apply. *Sunrise Lakes Condo. Apts. Phase III, Inc. 5 v. Frank*, 73 So. 3d 901 (Fla. 4th DCA 2011). "Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). The affidavits in this case reveal a clear dispute in the facts.

Alternatively, Transworld argues that Atallah's affidavit was not competent summary judgment evidence, because English was not his native language and he conceded that he needed to use a translator to

3

review documents written in English and to speak over the phone. Transworld points out that the affidavit was itself written in English and was not in Atallah's native language. Transworld argues that under section 90.606(1)(a), Florida Statutes (2017), when a judge determines that a "witness cannot . . . understand the English language, or cannot express himself or herself in English sufficiently to be understood, an interpreter who is duly qualified to interpret for the witness shall be sworn to do so." This section deals with live witnesses, not attestations made by affidavit. In his affidavit, Atallah states that he reviewed the motion and the affidavits with the help of an interpreter and that he was testifying from his personal knowledge. Florida Rule of Civil Procedure 1.510(e) (2018) provides: "[s]upporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein." His affidavit meets this test. The affidavit contained evidence which would be admissible at trial, as Atallah could testify from his personal knowledge as to whether he signed the contract and guarantee.

Transworld's reliance on *Diaz v. Bell MicroProducts-Future Tech, Inc.*, 43 So. 3d 138 (Fla. 3d DCA 2010), is inapposite. There, the plaintiff was suing on a personal guarantee executed in Spanish. It was attached to the complaint but not translated from Spanish to English. The court held that a document required to be attached to the complaint pursuant to Florida Rule of Civil Procedure 1.130 must be filed in English. The purpose of this rule "is to apprise the defendant of the nature and extent of the cause of action so that he may plead with greater certainty." *Id.* at 140. This has no relevance to the affidavit in this case, which was executed in English with the help of an interpreter.

For these reasons, we reverse the summary judgment and remand for further proceedings.

KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***