# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-74
Lower Tribunal No. 19-37239
_____

**U.S. Alliance Management Corp., etc.,**
Appellant,

vs.

**Apeiron Miami, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Michael P. Reitzell, P.A., and Michael P. Reitzell (West Palm Beach), for appellant.

Stok Kon + Braverman and Yosef Kudan and David I. Rosenblatt (Ft. Lauderdale), for appellee.

Before LOGUE, C.J., and MILLER and LOBREE, JJ.

PER CURIAM.

U.S. Alliance Management Corporation, d/b/a U.S. Security ("U.S.

Security"), appeals the trial court's entry of final summary judgment in favor of appellee Apeiron Miami, LLC ("Apeiron"). Because the trial court properly found Apeiron tendered to U.S. Security an amount of money equal to the sum of the worthless check, the service charge, court costs and incurred bank fees "before the hearing," in satisfaction of the worthless check count, we affirm. See § 68.065(6), Fla. Stat. (2018); see also F & A Dairy Prods., Inc. v. Imperial Food Distribs., Inc., 798 So. 2d 803, 804 (Fla. 4th DCA 2001) ("Tendering the sum to the court would, in our view, constitute good faith compliance with the statute and would preclude a claim for treble damages." (quoting Krontz v. Feiler, 553 So. 2d 1302, 1303 (Fla. 3d DCA 1989))). As to that portion of the appeal challenging a post-judgment order determining that Apeiron is entitled to recover attorney's fees,[1] we dismiss because no notice of appeal or amended notice of appeal was filed directed to that order, see Dunaj v. Worley, 400 So. 3d 756 (Fla. 3d DCA 2024), and, in any event, such an order is not ripe for review. See Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("An order granting entitlement to attorney's fees but not determining the amount of fees or costs

---

[1] While we express no opinion on the arguments raised on the issue, we note that section 68.065(6) expressly provides: "Other provisions notwithstanding, the maker or drawer is liable to the payee for all attorney fees and collection costs incurred by payee as a result of the payee's claim."

is a non-final, non-appealable order, and such an order is subject to dismissal for lack of jurisdiction."). After careful review of the remaining arguments raised by U.S. Security, we affirm without further discussion.

Affirmed in part; dismissed in part.