HUBBART, Judge.
The central issue raised by this appeal is whether a final summary judgment may be entered in favor of a party on a cause of action not pled in the complaint. We hold that such a summary judgment can never be so rendered and reverse.
The facts relevant to the above issue are undisputed. The plaintiff Lewis Marine Supply, Inc. filed a lawsuit sounding in breach of contract against the defendant Kuehne & Nagel, Inc. before the Circuit Court for the Eleventh Judicial Circuit of Florida. The complaint alleged that the plaintiff Lewis Marine is in the business of supplying marine products, that the defendant Kuehne & Nagel is in the business of forwarding freight, that on two separate dates the plaintiff Lewis Marine delivered certain marine products to the defendant Kuehne & Nagel to be forwarded C.O.D. to a certain consignee [Remomar] in Caracas, Venezuela, that the transaction between the parties was evidenced by certain documents including an airway bill attached to the complaint, that the defendant Kuehne & Nagel breached its contractual obligation to the plaintiff Lewis Marine by failing to have collected or to have caused to be collected the cash due on delivery for each of the aforesaid shipments, and that by such breach of contract the plaintiff Lewis Marine suffered certain damages in that the aforementioned shipments of marine products were seized in Venezuela without being paid for and cannot now be claimed.
The defendant Kuehne & Nagel filed an answer admitting the facts alleged in the complaint except for those facts charging a breach of contract. Such latter allegations were denied. In addition, Kuehne & Nagel filed a counterclaim against the plaintiff •Lewis Marine seeking the amount allegedly due and owing on the freight forwarding charges arising out of the transactions alleged in the complaint. The plaintiff Lewis *205 Marine filed a general denial answer to the counterclaim.
The undisputed evidence developed during the discovery in this cause established that the alleged contract was entered into between the parties, that the alleged marine products were delivered to the defendant Kuehne & Nagel as a freight forwarder, that the defendant Kuehne & Nagel caused the shipments to be sent by air to Caracas, Venezuela, that the defendant Kuehne & Nagel immediately notified the consignee Remomar as to arrival of the marine products in Caracas, Venezuela, that such consignee Remomar did not initially, but ultimately did refuse delivery and did not pay the defendant Kuehne & Nagel any of the purchase price for the shipped marine products, that the plaintiff Lewis Marine refused to make payment on the freight forwarding charges owed to the defendant Kuehne & Nagel, and that the shipped merchandise was eventually seized by customs officials in Caracas, Venezuela and sold for unpaid customs charges.
Both parties moved for summary judgment. After due notice and hearing, the trial court entered a final summary judgment in favor of the plaintiff Lewis Marine on the ground that the defendant Kuehne & Nagel had failed to reasonably notify the plaintiff Lewis Marine of the non-delivery of the goods to the consignee Remomar and that it also failed to reasonably notify the plaintiff Lewis Marine as to the accrual of customs charges in Caracas, Venezuela. The defendant Kuehne & Nagel appeal therefrom.
In our view, the defendant Kuehne & Nagel was not guilty of the breach of contract pled in the complaint. It was in no way responsible for not collecting upon delivery the purchase price of the shipped marine products from the consignee Remo-mar. In point of fact, Remomar was the wrongdoer in that it ultimately refused to accept delivery or to make payment on the goods after the defendant Kuehne & Nagel had promptly notified Remomar of the arrival of such goods in Caracas, Venezuela, pursuant to the contract between the parties. As such, the cause of action alleged in the complaint had no basis in fact.
The trial court, however, bottomed its summary judgment herein for the plaintiff Lewis Marine on a different cause of action. It concluded that the defendant Kuehne & Nagel had failed to perform certain acts relative to notifying Lewis Marine on Re-momar’s ultimate refusal to accept delivery and the subsequent accrual of customs charges thereby creating liability sounding in either contract or tort against the defendant Kuehne & Nagel. It is unnecessary to determine whether such liability was established on this record as a matter of law on such a cause of action. It is enough to observe that such a cause of action is not alleged in the instant com-' plaint. Nowhere in the complaint is it expressly or impliedly alleged that the defendant Kuehne & Nagel failed to notify Lewis Marine of anything. It is axiomatic that a party is never entitled to summary judgment based on a cause of action not pled in the complaint. White v. Fletcher, 90 So.2d 129, 131-32 (Fla.1956); Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla.1956); Meigs v. Lear, 191 So.2d 286, 288-89 (Fla. 1st DCA 1966); Fla.R.Civ.P. 1.510(a), (b).
The final summary judgment under review is reversed and the cause remanded for further proceedings.