472 So.2d 530 (1985)
Raul REINA, Appellant,
v.
GINGERALE CORPORATION, Appellee.
No. 84-1305.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Rehearing Denied August 1, 1985.
*531 Anthony J. Scremin and Greg C. McGibney, Miami, for appellant.
Ira B. Price, South Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
We affirm the summary judgment under review based upon the application of the traditional corporate law rule which does not impose the liabilities of the selling predecessor upon the buying successor company unless: (1) the successor expressly or impliedly assumes the obligations of the predecessor; (2) the transaction is a de facto merger; (3) the successor is a mere continuation of the predecessor; or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. Bernard v. Kee Manufacturing Co., 409 So.2d 1047 (Fla. 1982); Anders v. Jacksonville Electric Authority, 443 So.2d 330 (Fla. 1st DCA 1983), review denied, 451 So.2d 847 (Fla. 1984). See also De La Rosa v. Tropical Sandwiches, Inc., 298 So.2d 471 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 760 (Fla. 1975).[1] We find that the complaint fails to allege any factual predicate by which liability could be imposed upon Gingerale Corporation, the successor corporation involved here. See Anders.
It is undisputed that the first three exceptions to the successor corporation rule are not applicable to the present case. The plaintiff claims, however, that the fraudulent transaction exception applies. Although the plaintiff attempted to raise a number of factors argued to be "badges of fraud" in his memorandum of law in opposition to the motion for summary judgment, he has at no time sought to amend the complaint in this regard. At a summary judgment hearing, the court must only consider those issues made by the pleadings. See Accurate Metal Finishing Corp. v. Carmel, 254 So.2d 556 (Fla. 3d DCA 1971); Couchman v. Goodbody & Co., 231 So.2d 842 (Fla. 4th DCA 1970); Turf Express, Inc. v. Palmer, 209 So.2d 461 (Fla. 3d DCA 1968).
It has long been the Florida rule that whenever fraud is relied upon, allegations relating thereto must be specific, and facts constituting fraud must be clearly stated. Fraud is never presumed and where it is the basis of a pleading, the essential facts, and not legal conclusions, which constitute fraud must be set out clearly, concisely and with sufficient particularity to apprise the opposite party of *532 what he is called upon to answer. Fla.R. Civ.P. 1.120(b); Canal Authority v. Ocala Manufacturing, Ice & Packing Co., 332 So.2d 321 (Fla. 1976); Houchins v. Case, 138 Fla. 368, 189 So. 402 (1939); Great American Ins. Co. v. Suarez, 92 Fla. 24, 109 So. 299 (1926). See also Ocala Loan Co. v. Smith, 155 So.2d 711 (Fla. 1st DCA 1963).
The only allegation in the plaintiff's complaint that comes close to asserting fraud on Gingerale's part is the allegation that at the time of the sale and transfer of Coconut Restaurant Corporation's assets to Gingerale, Gingerale "had actual and/or constructive knowledge of the existence of a valid and pending cause of action by Plaintiff against [Coconut Restaurant], and was therefore, by operation of law, not a bona fide purchaser under Florida law, and was therefore subject to and assumed the debts and liabilities [of Coconut Restaurant] existing at said time... ." The latter part of this quoted allegation is, of course, merely a conclusion of law. The only factual allegation is that Gingerale had actual or constructive knowledge of the plaintiff's pending suit.
The allegation of actual knowledge was refuted by all the evidence before the trial court, namely, the affidavit of one of the two owners of Gingerale and the deposition of the second owner taken by the plaintiff. The plaintiff presented no affidavit or deposition testimony to support the allegation. In any event, even if the plaintiff could find evidence to support the allegation and, in fact, prove that Gingerale had actual knowledge of his pending suit, this factor alone would be insufficient to support a finding of fraud.[2] There appears to be a dearth of decisional law on the point but our research has turned up a handful of relevant decisions in the last century. The Kentucky high court has specifically held:
The mere pendency of a suit for damages against a man, which does not involve the title to the land which he proposes to sell, is not sufficient to render the sale fraudulent, even though the purchaser has knowledge of the pendency of the suit.
Broughton's Adm'x v. Barclay, Ky., 116 S.W. 320 (1909). Likewise, the Georgia supreme court has held that a grantee's actual knowledge of the pendency of a suit is not, in and of itself, conclusive in law or in fact as to the grantee's participation in a fraud. Jackson v. Faver, 210 Ga. 58, 77 S.E.2d 728 (1953). Cf. Gray v. Folwell, 57 N.J. Eq. 446, 41 A. 869 (Ch. 1898) (holding that even if transferee-wife knew that the transfer of assets was to defeat a pending claim against transferor-husband, transferee is protected at least up to the amount she paid (for the assets) to the transferor's creditors).
Accordingly, the plaintiff has failed to allege the existence of any facts to avoid the application of the successor corporation rule and, therefore, we affirm the summary judgment entered in favor of Gingerale Corporation.
NOTES
[1] We recognize that one of the specific holdings in De La Rosa, 298 So.2d at 473, that "sales of restaurant assets are not included within the protection of the Bulk Transfer Act," has been expressly overturned by the legislature. See ch. 75-216, Laws of Fla. This fact, however, does not aid the plaintiff's cause on appeal. First, the plaintiff has not alleged in his complaint any violation of the Bulk Transfer Act, ch. 676, Fla. Stat. (1981), nor any facts which would indicate a violation of the act. Second, the plaintiff does not seek the relief provided for in the Bulk Transfer Act. The plaintiff does not seek to have the transfer of assets declared ineffective as to his claim against Coconut Restaurant Corporation, but rather, he seeks to impose liability on the transferee, Gingerale Corporation, for Coconut Restaurant's contingent obligation to him. Finally, even if the plaintiff had alleged a violation of the Bulk Transfer Act, this would not have resulted in a presumption of fraud as the plaintiff argues. Although in the case relied upon by the plaintiff, Merit Clothing Co. v. Lees, 218 So.2d 779 (Fla. 2d DCA 1969), the court did hold that noncompliance with the statutory requirements of the Bulk Sales Act resulted in a rebuttable prima facie presumption of fraud, the holding was based upon the law in existence prior to Florida's adoption of the Uniform Commercial Code. Under the statutes applicable in Merit Clothing, a statutory presumption of fraud was imposed for noncompliance with the Bulk Sales Act. See §§ 726.04-.05, Fla. Stat. (1965). These statutes, however, were repealed effective January 1, 1967 with the enactment of the Uniform Commercial Code. See ch. 65-254, Laws of Fla.
[2] This holding disposes of the necessity of determining whether a transferee, such as Gingerale, should be deemed to have constructive notice of a pending suit against the transferor.