PER CURIAM.
Hemisphere National Bank (Hemisphere) brought this action to collect funds due under a promissory note executed in its favor by Fergo, Inc. The note was originally secured by a second mortgage on certain real property and by a Guaranty Agreement executed by John Goudie and Jose Ferrer. Prior to the commencement of this suit, however, the first mortgage was foreclosed on the real property and Ferrer filed personal bankruptcy. Fergo, Inc. defaulted on the note, and Hemisphere then brought this action against Goudie to recover the principal, accrued interest, costs and attorney’s fees pursuant to the Promissory Note and Guaranty Agreement.
*786 The action was filed against Goudie as an officer, director and major stockholder in Fergo, Inc. and as a guarantor of the note. As an affirmative defense, Goudie asserted that he had validly revoked his guaranty by written notices pursuant to paragraph 6 of the Guaranty Agreement and that Hemisphere subsequently executed a renewal note to which Goudie was not a party. The trial court then entered summary judgment in favor of Goudie.
The record supports the trial court’s finding that Goudie was no longer an obli-gor under the note either as a principal of Fergo, Inc. or as a guarantor. The entry of summary judgment on these points was, therefore, correct and must be affirmed. Miami Nat’l Bank v. First Int’l Realty Inv. Corp., 364 So.2d 873 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 74 (Fla.1979).
Hemisphere argued, alternatively, before the trial court and here, that Goudie was liable as an endorser of the note. That claim, however, was not included in the pleadings, and under Florida law a court hearing a case on a motion for a summary judgment can only consider those issues raised by the pleadings. Reina v. Gingerale Corp., 472 So.2d 530, 531 (Fla. 3d DCA 1985). Since the complaint was not broad enough to include a claim against Goudie as an endorser of the note, that question was not properly before the court.
Affirmed.