925 So.2d 1096 (2006)
Barbaro FERNANDEZ, etc., et al., Appellants,
v.
FLORIDA NATIONAL COLLEGE, INC., et al., Appellees.
No. 3D04-357.
District Court of Appeal of Florida, Third District.
March 29, 2006.
*1098 Lauri Waldman Ross, Miami; and Friedman & Friedman and John S. Seligman, Coral Gables, for appellants.
Kubicki Draper and Caryn L. Bellus, Miami, for appellee Florida National College, Inc.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.

ON MOTION FOR REHEARING AND REQUEST TO ISSUE WRITTEN OPINION
ROTHENBERG, J.
We grant the appellants' request to issue written opinion, withdraw our per curiam affirmance filed on September 14, 2005, and substitute the following in its place. Based upon the substitution of a written opinion, we make no ruling as to the appellants' motion for rehearing.
The plaintiffs, Barbaro Fernandez, etc., et al., appeal from an order granting final summary judgment in favor of defendant Florida National College, Inc. ("FNC"). We affirm.
The plaintiffs filed a Second Amended Complaint ("Complaint") against Jorge Luis Cisneros ("Mr. Cisneros"), FNC, and others. The Complaint alleges that on August 13, 1999, Mr. Cisneros was negligently operating a motor vehicle when it was involved in an accident, and that as a result of the accident, Iris Yadira Fernandez ("Mrs. Fernandez") was injured and her daughter, Claudia Lorena Fernandez ("Claudia"), died. The Complaint further alleges that, at all material times, Mr. Cisneros was employed by FNC, and that at the time of the accident, he "was on a college and/or quasi-college related function" and was acting "in the course and scope of his employment" with FNC.
FNC answered the Complaint, denying all material allegations. FNC further asserted that it was not responsible for Mr. Cisneros' actions because, at the time of the accident, Mr. Cisneros, who was on an excursion with Mrs. Fernandez, Claudia, and others, was not acting within the course and scope of his employment with FNC.
FNC moved for summary judgment, arguing that the excursion had no educational purpose; FNC did not authorize the trip; and the term had ended the day before the accident occurred. In opposing the motion for summary judgment, the plaintiffs argued, in part, that there were issues of material fact as to whether Mr. Cisneros was FNC's actual or apparent agent. At the summary judgment hearing, although FNC's counsel stated that apparent agency was not pled in the Complaint, he addressed this theory. The trial court granted FNC's motion for summary judgment, and this timely appeal followed.
*1099 In ruling on a motion for summary judgment, the trial court "must view the evidence and draw all inferences in favor of the opposing party." Falco v. Copeland, 919 So.2d 650 (Fla. 1st DCA 2006); see also Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000)("The standard of review of a summary judgment order is de novo and requires viewing the evidence in the light most favorable to the non-moving party."). In addition, a trial court is permitted to grant summary judgment only "if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Hallock v. Holiday Isle Resort Marina, Inc., 885 So.2d 459, 463 (Fla. 3d DCA 2004).
A review of the record indicates that it is undisputed that FNC is a two-year college, with its main campus located in a shopping plaza in Hialeah. One of the classes that FNC offers is English for Speakers of Other Languages ("ESOL"). During orientation, FNC informs its ESOL students that they will be required to attend field trips so that they can learn and speak English outside of the classroom setting.
During the deposition of Mr. Cisneros, he testified as to the procedure he was required to follow in order to take students on field trips sponsored by FNC. His testimony, which is not contradicted by any other portion of the record, demonstrates that prior to any field trip, he was required to submit a field trip authorization form to FNC, and that after approval is granted, each student was then required to submit a signed form releasing FNC from liability. Moreover, Mr. Cisneros testified that field trips can only take place during the scheduled class period; a student's participation in the field trip would affect his/her grade; and prior to any field trip, he would contact the selected destination so that he could ensure that someone who speaks English would be present to attend to his students. Moreover, each student was required to pay the costs associated with the field trip and provide their own transportation. Following the field trip, he would discuss in class what they had learned during the field trip.
The undisputed facts also show that Mrs. Fernandez enrolled in FNC's ESOL class for the term beginning in January 1999, and ending on Thursday, August 12, 1999. This particular class met four times a week, Monday through Thursday, from 8:30 a.m. to 1:00 p.m., and was taught by Mr. Cisneros. About a week before the term ended, Mr. Cisneros announced in class that there would be a trip to a beach in Key West on Friday, August 13, 1999; the fare for the trip was $15; the students could bring their friends and family members; and the trip would begin and end at the parking lot at the FNC campus. It is also undisputed that the students paid Mr. Cisneros during a scheduled class period; only approximately ten of the seventeen to nineteen students participated in the excursion to Key West; Mr. Cisneros did not inform FNC of the trip; he did not ask the students to sign a release form; and the excursion did not affect the students' grades as Mr. Cisneros had turned in his grades on August 12, 1999.
It is also undisputed that on the morning of Friday, August 13, 1999, Mr. Cisneros, Mr. Maximo Suarez, who is another FNC teacher, and Javier Aragon, who is a student at FNC, went to Thrifty Rent-A-Car, where Mr. Cisneros rented two vans using his personal credit card. One van was driven by Mr. Cisneros, and the second van was driven by Mr. Aragon because Mr. Suarez had forgotten his driver's license. The vans left the FNC parking lot between 7:00 and 7:30 a.m., with Mrs. Fernandez and Claudia riding in the van driven by Mr. Cisneros. While attempting *1100 to pass a pickup truck, Mr. Cisneros lost control of the van, and the van rolled over. Mrs. Fernandez sustained injuries and Claudia died when she was ejected from the van.
The plaintiffs contend that the trial court erred by granting final summary judgment in favor of FNC. As we conclude that, based upon the record before this court, the plaintiffs cannot establish an agency relationship between Mr. Cisneros and FNC, we affirm the summary judgment entered in favor of FNC.
In opposing the motion for summary judgment, the plaintiffs argued that there were genuine issues of material fact as to whether, at the time of the accident, Mr. Cisneros was either FNC's actual agent or apparent agent, or whether Mr. Cisneros was acting within the course and scope of his employment. Although the existence of an agency relationship is usually a question of fact that must be resolved by the trier of fact, when
a party bearing the burden of proof on an issue, fails to produce any supportive evidence, or when ... all of the evidence presented by both parties is so unequivocal that reasonable persons could reach but one conclusion, a question that is ordinarily one of fact becomes a question of law, to be determined by the court.
Gillet v. Watchtower Bible & Tract Soc'y of Pennsylvania, Inc., 913 So.2d 618 (Fla. 3d DCA 2005)(quoting Eberhardy v. Gen. Motors Corp., 404 F.Supp. 826, 830 (M.D.Fla.1975)); see also Jaar v. Univ. of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985)("The existence and scope of an agency relationship are generally questions of fact to be resolved by the factfinder, unless the evidence is susceptible of only one interpretation.") (citations omitted). Moreover, whether an employee is acting within the course and scope of his employment is also a question of law when there are no factual disputes. See Sussman v. Fla. E. Coast Props., Inc., 557 So.2d 74, 76 (Fla. 3d DCA 1990).
First, we will address whether, at the time of the accident, Mr. Cisneros was acting within the course and scope of his employment with FNC. For the plaintiffs to establish that Mr. Cisneros' conduct was within the course and scope of his employment with FNC, the plaintiffs must establish that: "(1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." Sussman, 557 So.2d at 75-76; see also Iglesia Cristiana La Casa Del Señor, Inc. v. L.M., 783 So.2d 353, 357 (Fla. 3d DCA 2001).
In the instant case, the undisputed evidence showed that Mrs. Fernandez was enrolled in an ESOL class that met from 8:30 a.m. to 1:00 p.m., Monday through Thursday, and that the term ended on Thursday, August 12, 1999. Moreover, FNC's policy was that field trips could only take place during scheduled class periods. As the accident occurred on Friday, August 13, 1999, which was after the term had ended and on a Friday, the plaintiffs cannot satisfy the second element, which requires that the "conduct occur[] substantially within the time ... limits authorized or required by the work to be performed." In addition, the plaintiffs cannot establish the third element because, at the time of the accident, the term had ended and Mr. Cisneros had turned in his grades. Therefore, the purpose behind the excursion to Key West in no way "serve[d] the master." Based upon these undisputed facts, the plaintiffs cannot demonstrate that, at the time of the accident, Mr. Cisneros was acting within the course and scope of his employment with FNC.
*1101 As stated earlier, the plaintiffs also argued that FNC was liable because, at the time of the accident, Mr. Cisneros was FNC's actual agent. To establish an actual agency relationship, the following elements must be established: "(1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla.1990)(citing Restatement (Second) of Agency § 1 (1957)); see also Gillet, 913 So.2d at 620 (quoting Goldschmidt, 571 So.2d at 424 n. 5).
In the instant case, there is no doubt that Mr. Cisneros was, at one point, employed by FNC. However, the undisputed testimony showed that, at the time of the accident, the term had ended; FNC had not authorized this excursion; and that this excursion in no way benefited FNC. In fact, Mrs. Fernandez's testimony reflects that they were taking this excursion because the course had ended.[1] Therefore, based upon these undisputed facts, the plaintiffs cannot establish that Mr. Cisneros was FNC's actual agent on the day of the accident.
Next, we address the issue of apparent agency. FNC contends that the plaintiffs have waived this theory by failing to assert this ground in the Complaint. Although the plaintiffs did not assert this ground in the Complaint, in opposing the motion for summary judgment, the plaintiffs argued that there were issues of material fact as to whether Mr. Cisneros was FNC's apparent agent. At the summary judgment hearing, FNC's counsel argued that apparent agency was not pled in the Complaint.
A review of the Complaint demonstrates that the plaintiffs failed to allege that Mr. Cisneros was FNC's apparent agent at the time of the accident. We agree with FNC that issues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing. Am. Title Ins. Co. v. Carter, 670 So.2d 1115 (Fla. 5th DCA 1996)(holding that at summary judgment hearing, trial court erred by considering theory not raised in the pleadings); Hemisphere Nat'l Bank v. Goudie, 504 So.2d 785 (Fla. 3d DCA 1987)(holding that "under Florida law a court hearing a case on a motion for a summary judgment can only consider those issues raised by the pleadings"); Reina v. Gingerale Corp., 472 So.2d 530, 531 (Fla. 3d DCA 1985)("At the summary judgment hearing, the court must only consider those issues made by the pleadings."). In addition, although FNC's counsel argued that apparent agency was not pled in the Complaint, the plaintiffs did not at any time move to amend the Complaint. Therefore, we find that apparent agency was waived by the plaintiffs.
Although we find that apparent agency was waived, we will nonetheless address the merits. To establish that an apparent agency exists, the following elements must be present: "(a) a representation by the purported principal; (b) a reliance on that representation by a third party; and (c) a change in position by the third party in reliance on the representation." Roessler v. Novak, 858 So.2d 1158, *1102 1161 (Fla. 2d DCA 2003); see also Gillet, 913 So.2d at 620 n. 1; Amstar Ins. Co. v. Cadet, 862 So.2d 736, 742 (Fla. 5th DCA 2003). In the instant case, the only representation that FNC made to its students was that their ESOL teachers, such as Mr. Cisneros, were authorized to take them on field trips during the term in which they were enrolled. Therefore, as the field trip occurred after the term had ended, Mr. Cisneros was not FNC's apparent agent when the accident occurred. Accordingly, we affirm the trial court's order granting final summary judgment in favor of FNC.
Affirmed.
NOTES
[1] Mrs. Fernandez testified as follows in her deposition:

[MS. POST MASSION]: What kind of an excursion were you on?
[MRS. FERNANDEZ]: An excursion for the reason of the end of course.
[MS. POST MASSION]: End of course where?
[MRS. FERNANDEZ]: Of the classes of English that I was taking.