LAGOA, J.
(dissenting).
For the following reasons, I respectfully dissent.
The complaint filed in the lower court by the plaintiff, South Florida Coastal Electric, Inc. (hereinafter “South Florida Coastal”), alleged two causes of action against Treasures on the Bay II Condominium Ass’n, Inc. (hereinafter “Treasures”): Count 1 for breach of contract, and Count 2 for foreclosure of a mechanic’s lien.
Specifically, South Florida Coastal alleged:
On or about October 1, 2006, Plaintiff and Defendant entered into a written contract to perform electrical contracting services and related improvements to the above-described real property. Plaintiff does not have a copy of the contract but will request same in discovery. From October 1, 2006 until November 19, 2006, Plaintiff • performed electrical contracting services for Defendant at said property, described as “the project.”
(Complaint, ¶ 4) (emphasis added).[3]
Additionally, in Count 1 South Florida Coastal re-alleged and re-adopted paragraph four of its complaint, and further asserted that “Plaintiff and Defendant entered into a contract for Plaintiff to provide electrical services to Defendant.” (¶ 14).[4]
*270 The record evidence before this Court establishes that no written contract exists between South Florida Coastal and Treasures.[5] Thus, there is no record evidence to support a claim for breach of written contract.
South Florida Coastal, however, never sought leave of court to amend its complaint.[6] Instead, it proceeded full steam ahead on a claim of breach of a written contract — even though no written contract exists. As Treasures correctly ai’gued both to the lower court and this Court, summary judgment was warranted as it is undisputed that no written contract exists between the parties.[7]
The majority, nonetheless, reverses the trial court’s grant of final summary judgment in favor of Treasures based on an agency theory not plead anywhere in South Florida Coastal’s complaint. While the majority is correct that “[wjhether an agency relationship exists is generally a question of fact,” slip op. at 4, there must be some allegation of agency made in the complaint. Here, the complaint filed by South Florida Coastal consists of twenty-seven paragraphs. No mention or reference is made to any type of agency relationship — actual or apparent. As such, the majority’s conclusion that a reversal is warranted as to Counts 1 and 2 based on a purported agency relationship is in direct contravention to both the Florida Supreme Court’s precedent and this Court’s precedent.
As a threshold matter, South Florida Coastal did not plead agency — actual or apparent — as a basis for liability in its complaint. In order to plead a claim for actual agency, the following elements must be alleged: “(1) acknowledgment by the principal that the agent will act for him, (2) the agent’s acceptance of the undertaking, and (3) control by the principal over the actions of the agent.” Fernandez v. Fla. Nat’l Coll., Inc., 925 So.2d 1096, 1101 (Fla. 3d DCA 2006) (quoting Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla.1990)).
In order to plead a claim for apparent agency, “facts supporting [the following] three elements must be alleged: '1) a representation by the purported principal; 2) reliance on that representation by a third party; and 3) a change in position by the third party in reliance on the representation.’ ” Saralegui v. Sacher, Zelman, 19 So.3d 1048, 1051-52 (Fla. 3d DCA 2009) (quoting Ocana v. Ford Motor Co., 992 So.2d 319, 326 (Fla. 3d DCA 2008)); see also Fernandez, 925 So.2d at 1101.
Here, it is undisputed that South Florida Coastal did not mention agency, let alone plead any of the elements necessary to allege a claim for either “actual agency” or *271 “apparent agency.” Nor did South Florida Coastal at any point seek leave to amend its complaint to assert a claim based on agency. Indeed, the following paragraphs form the totality of the factual allegations asserted in South Florida Coastal’s complaint:
4. Plaintiff is an electrical services contractor. On or about October 1, 2006, Plaintiff and Defendant entered into a written contract to perform electrical contracting services and related improvements to the above-described real property. Plaintiff does not have a copy of the contract but will request same in discovery. From October 1, 2006, until November 19, 2006, Plaintiff performed electrical contracting services for Defendant at said property, described as “the project.”
5. Plaintiff has fully performed all conditions under the contract and has furnished labor, services and material to the project under the contract and has completed the project.
6. Plaintiff invoiced Defendant for said services, but Defendant has failed to pay Plaintiff the $269,913.00 balance now due and owing to Plaintiff with interest.[8]
7. Plaintiff has made demand upon Defendant for payment of the outstanding funds; however, Defendant has refused to pay same.
8. Plaintiff has retained the undersigned attorneys to represent it in connection with this action and has agreed to pay them a reasonable attorney’s fee.
9. Plaintiff has performed all conditions precedent to bringing this action.
10. Within 90 days after the last labor, material and services were furnished for the project on November 19, 2006, Plaintiff filed a claim of lien against Owner’s property that was recorded by the clerk of the court of this County, CFN 2007R0170598, OR BK 25374 PG 16581. Within 15 days thereafter, a claim of lien was served on Owner, a copy of which is attached.
11. At least five days before his action was filed, Plaintiff served Defendant with an affidavit listing the names of all lienors, and amounts due each, who had furnished labor, services and materials for the project and who had not then been paid.
12. This action was filed within one year after recording the claim of lien.
At best, South Florida Coastal asserted in its initial brief to this Court that Treasures and the developer, KMC, “were jointly and severally liable” to South Florida Coastal. The law, however, is clear that “issues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing.” Saralegui, 19 So.3d at 1051 (quoting Fernandez, 925 So.2d at 1101 (citations omitted)). In Saralegui, this Court held that a second amended complaint that failed to allege facts supporting a claim for apparent agency could not withstand summary judgment. 19 So.3d at 1051-52. A fortio-ri, a complaint that does not even assert the existence of an agency relationship cannot survive summary judgment.
Moreover, in Goldschmidt, the Supreme Court specifically addressed the issue of pleading agency:
The trial court refused to permit the jury to consider whether Goldschmidt was liable for Soud’s alleged negligence because the plaintiffs complaint did not *272 specifically allege that Goldschmidt was vicariously liable for Soud’s actions. The jury found in favor of Goldschmidt, and respondents appealed. The district court reversed, holding that the complaint did not need to specifically allege that the substitute physician was an agent who committed some of the challenged acts of negligence and that the evidence created a jury question as to whether the substitute physician was an agent of the treating physician.
Florida Rule of Civil Procedure 1.110(b)(2) requires that “[a] pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” In this case, the Holmans would have been entitled to relief against Gold-schmidt for the negligence of Soud only through vicarious liability. Thus, rule 1.110(b)(2) required the Holmans to allege Goldschmidt’s vicarious liability in the complaint. See Tamiami, 463 So.2d at 1128; Designers Tile, 499 So.2d at 5 (concluding that a separate cause of action for vicarious liability must be pled). Because the complaint failed to set forth any ultimate facts that establish either actual or apparent agency or any other basis for vicarious liability, the Holmans did not allege any grounds entitling them to relief.
571 So.2d at 423 (emphasis added).
As South Florida Coastal failed to plead in its complaint the existence of an agency relationship, it is legal error for this Court to reverse the trial court’s grant of summary judgment in favor of Treasures on the basis of an unpled agency claim. As this Court concluded in Saralegui, “[t]he trial court correctly declined to stretch the rules of pleading and apparent agency beyond their limits [and] [sjummary judgment was proper.” 19 So.3d at 1053.
Notwithstanding the fact that South Florida Coastal failed to plead agency, either actual or apparent, the majority contends that Treasurers injected the issue of “agency” into the proceedings through its affirmative defenses.[9] I strongly disagree.
First, the majority fails to cite a single case to support its contention that an affirmative defense could create an agency theory on which the plaintiff could seek affirmative relief and would bear the burden of proof. Significantly, the majority fails to address the seminal Florida case on pleading agency, Goldschmidt Nonetheless, the majority resuscitates South Florida Coastal’s claim based on Treasures’ “vaguely pleaded affirmative defenses.” Even assuming arguendo that the “vaguely pleaded affirmative defenses” asserted agency claims — which they do not — Treasures’ affirmative defenses do not satisfy the agency pleading requirements of Goldschmidt, 571 So.2d at 422. None of Treasures’ affirmative defenses allege any of the required essential elements of either an actual agency relationship or an apparent agency relationship. See Fernandez, 925 So.2d at 1101 (actual agency); Saralegui, 19 So.3d at 1051-52 (apparent agency). Thus, agency was not legally at issue by way of the affirmative defenses.
Second, the majority also fails to address how the trial court erred in awarding summary judgment on the breach of contract claim in favor of Treasures, when, as South Florida Coastal concedes, its claim is based solely on a “written” contract, that does not exist. Indeed, Treasures’ motion for summary judgment relied on Rule *273 1.130(a), Fla. R. Civ. P.,[10] which “provides that a written contract or document that forms the basis of a claim for relief shall be attached to or incorporated in the pleading and any exhibit that is attached to the pleading is considered part of that pleading.” Diaz v. Bell MicroProds. — Future Tech, Inc., 43 So.3d 138 (Fla. 3d DCA 2010).[11] It is well established that if a plaintiff fails to attach to the complaint the written contract that forms the basis of the plaintiffs claim for relief against a defendant, the plaintiffs complaint fails to state a cause of action against the defendant. Id. at 140 (reversing final summary judgment in favor of plaintiff as plaintiff failed to attach English translation of guaranty to complaint); Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se., 833 So.2d 286 (Fla. 5th DCA 2002) (reversing default and final judgment on the basis that plaintiff failed to attach a copy of the written guaranty upon which plaintiff was suing defendant).
Here, the majority creates a disputed issue of fact out of whole cloth. The majority contends that a disputed issue of fact exists regarding invoices for electrical services and who contracted for that work. As evidenced by the complaint, South Florida Coastal made no such claims. Indeed, South Florida Coastal did not attach invoices to the complaint and more importantly did not bring an action for open account or account stated. South Florida Coastal never.sought leave to amend its complaint to add any such claims. South Florida Coastal’s claim is based solely on breach of a written contract.
Additionally, the majority’s assertion that “Treasures never argues surprise or prejudice” in South Florida Coastal’s presentation of the issues to this Court is irrelevant to the legal analysis before this Court. Treasures did not need to argue “surprise or prejudice.” This Court is bound by its own case law and the law is clear and unequivocal — at a summary judgment hearing, a trial court can only consider those issues raised by the pleadings. See Fernandez, 925 So.2d at 1101 (finding that plaintiffs waived claim of apparent agency by failing to plead apparent agency in complaint and failing to move to amend the complaint; “[IJssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing.”). Hemisphere Nat’l Bank v. Goudie, 504 So.2d 785, 786 (Fla. 3d DCA 1987) (finding that bank’s failure to raise claim in pleadings regarding individual’s alleged status as endorser of note precluded trial court from ruling on claim on a summary judgment motion; “Under Florida law a court hearing a case on a motion for a summary judgment can only consider those issues raised by the pleadings”); Reina v. Gingerale Corp., 472 So.2d 530, 531 (Fla. 3d DCA 1985) (“Although the plaintiff attempted to raise a number of *274 factors argued to be “badges of fraud” in his memorandum of law in opposition to the motion for summary judgment, he has at no time sought to amend the complaint in this regard. At a summary judgment hearing, the court must only consider those issues made by the pleadings”). Pursuant to Rule 1.100(a), Fla. R. Civ. P., the pleadings in this case consist only of the complaint, and the answer to it as South Florida Coastal did not file a reply avoiding Treasures’ affirmative defenses.[12] Since South Florida Coastal’s complaint failed to include a claim based on agency, this claim was not properly before the lower court or this Court.
Here, the record is clear that South Florida Coastal sued on the basis of a breach of a written contract. In its response to Treasures’ motion for summary judgment, South Florida Coastal conceded that no written contract exists. South Florida Coastal never sought to amend its complaint. Florida courts, however, “have consistently held that amendments to com: plaints should be liberally granted.” Sad v. Prestige Motor Car Imports, Inc., 904 So.2d 466 (Fla. 3d DCA 2005). Thus, this is not a case where the trial court failed to account for an alternative theory of relief contained in a pleading. In reversing the trial court, the majority effectively rewards ineffective lawyering in order to reach the result it believes is just. This, however, is not appropriate for a court of law. Simply put, either a written contract exists or it does not. It is not the job of this Court to raise legal theories that were never pled below, despite South Florida Coastal’s ample opportunity to do so.
Accordingly, for the reasons stated, I must respectfully dissent as I would affirm the trial court’s entry of final summary judgment in favor of Treasures.
APPENDIX 1
IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
SOUTH FLORIDA COASTAL ELECTRIC INC., a Florida corporation, Plaintiff,
vs.
TREASURES ON THE BAY II CONDO ASSOC., INC., a Florida corporation,
CASE NUMBER: 08-04219 CA 27

COMPLAINT FOR FORECLOSURE AND DAMAGES

Plaintiff, SOUTH FLORIDA COASTAL ELECTRIC INC. (“SFCE” or Plaintiff) sues the Defendant, TREASURES ON THE BAY II CONDO ASSOC., INC. and alleges:
JURISDICTIONAL ALLEGATIONS
1. This is an action to foreclose a mechanic’s lien and for damages in excess of $15,000.00 exclusive of interest, costs, and attorneys fees, and is within the jurisdiction of this court.
*275 2. Plaintiff is a Florida corporation authorized to do business in the State of Florida.
3. Defendant is a Florida corporation with its principal place of business in this County. Defendant is the owner of real property in this county described as:
TREASURES ON THE BAY II CONDO
OR 23946-4634 & PB 53-85
Sec. 09 TWNSHP: 53 RANGE 42
FACTUAL ALLEGATIONS
4. Plaintiff is an electrical services contractor. On or about Oct. 1, 2006, Plaintiff and Defendant entered into a written contract to perform electrical contracting services and related improvements to the above-described real property. Plaintiff does not have a copy of the contract but will request same in discovery. From Oct. 1, 2006 until November 19, 2006, Plaintiff performed electrical contracting services for Defendant at said property, described as “the project.”
5. Plaintiff has fully performed all conditions under the contract and has furnished labor, services and material to the project under the contract and has completed the project.
6. Plaintiff invoiced Defendant for said services, but Defendant has failed to pay Plaintiff the $269,913.00 balance now due and owing to Plaintiff with interest.
7. Plaintiff has made demand upon Defendant for payment of the outstanding funds; however, Defendant has refused to pay same.
8. Plaintiff has retained the undersigned attorneys to represent it in connection with this action and has agreed to pay them a reasonable attorney’s fee.
9. Plaintiff has performed all conditions precedent to bringing this action.
10. Within 90 days after the last labor, material and services were furnished for the project on November 19, 2006, Plaintiff filed a claim of lien against Owner’s property that was recorded by the clerk of this court of this County, CFN 2007R0170598, OR BK 25374 PG 16581. Within 15 days thereafter, a claim of lien was served on Owner, a coy of which is attached.
11. At least five days before his action was filed, Plaintiff served Defendant with an affidavit listing the names of all lienors, and amounts due each, who had furnished labor, services and materials for the project and who had not then been paid.
12. This action was filed within one year after recording the claim of lien.

COUNT 1

(Breach of Contract)
13. Plaintiff re-alleges and re-adopts paragraphs 1-12 above as if stated fully herein.
14. Plaintiff and Defendant entered into a contract for Plaintiff to provide electrical contracting services to Defendant. Plaintiff fully performed all conditions under the contract.
15. Defendant failed to pay Plaintiff for the services rendered in breach of the contract.
16. Defendant owes Defendant in excess of $269,913.00 that is due with interest since Nov. 19, 2006, as set forth above.
WHEREFORE, Plaintiff demands judgment for damages against Defendant, and for its costs, pre-judgment interest, attorneys fees, and any other relief this Court deems just and proper under the circumstances.

*276
COUNT 2

(Foreclosure of Mechanic’s Lien)
17. Plaintiff re-alleges and re-adopts the allegations stated in paragraphs 1-9 above as if stated fully herein.
18. Plaintiff is an electrical services contractor. On or about Oct. 1, 2006, Plaintiff and Defendant entered into a written contract to perform electrical contracting services and related improvements to the above-described real property. Plaintiff does not have a copy of the contract but will request same in discovery. From Oct. 1, 2006 until Nov. 19, 2006, Plaintiff performed electrical contracting services for Defendant at said property, described as “the project.”
20. Plaintiff has fully performed all conditions under the contract and has furnished labor, services and material to the project under the contract and has completed the project.
21. Plaintiff invoiced Defendant for said services, but Defendant has failed to pay Plaintiff the $269,913.00 balance now due and owing to Plaintiff with interest.
22. Plaintiff has made demand upon Defendant for payment of the outstanding funds; however, Defendant has refused to pay same.
23. Plaintiff has retained the undersigned attorneys to represent it in connection with this action and has agreed to pay them a reasonable attorney’s fee.
24. Plaintiff has performed all conditions precedent to bringing this action.
25. Within 90 days after the last labor, material and services were furnished for the project on November 19, 2006, Plaintiff fíled a claim of lien against Owner’s property that was recorded by the clerk of the court of this County, CFN 2007R0170598, OR BK 25374 PG 16581. Within 15 days thereafter, a claim of lien was served on Owner, a copy of which is attached.
26. At least five days before his action was filed, Plaintiff served Defendant with an affidavit listing the names of all lienors, and amounts due each, who had furnished labor, services and materials for the project and who had not then been paid.
27. This action was filed within one year after recording the claim of lien.
WHEREFORE, Plaintiff demands judgment foreclosing its lien, and if the proceeds of this sale are insufficient to pay Plaintiffs claim, for a deficiency judgment, and attorney fees pursuant to § 713.29, costs, pre-judgment interest, and any other relief this Court deems just and proper.
APPENDIX 2
AFFIRMATIVE DEFENSES
7. The property which is the subject of the complaint and legally described therein and on the attached Claim of Lien is not owned by the Defendant.
8. At all times material to the complaint, the property described therein and which was the subject of the complaint was under the control of the developer of Defendant. Pursuant to Fla. R. Civ. P. 1.221, the members of the Association cannot be joined as a class while the Association was in control of the developer.
9. The Plaintiff is estopped from asserting a claim against the Defendant after the Plaintiff made conflicting and contradictory allegations in Miami-Dade Circuit Court Case 07-14214 CA 11 wherein Plaintiff sued KMC/ED II, LLC and obtained a judgment for the same claim presented herein. In said cause Plaintiff alleged KCM/EC, LLC was the owner of said property and contracted with Plaintiff to provide the services which form the basis of Plaintiffs complaint filed herein. Defendant requests this Court take judicial *277 notice of Miami-Dade County, Circuit Court Case Number 07-14214 CA 11 pursuant to Florida Evidence Code 90.202.
10. The Plaintiff is attempting to join unit owners within the Association as a class by naming said Associations in violation of Fla. R. Civ. P. 1.221.
11. There never was a contract or any other agreement between Plaintiff and Defendant.

. The majority incorrectly states that South Florida Coastal sued Treasures on a theory of joint and several liability. The complaint claimed breach of a written contract entered into between South Florida Coastal and Treasures on October 1, 2006, for work performed from October 1, 2006, until November 19, 2006, and sought foreclosure of a mechanic's lien. South Florida Coastal did not allege any facts or claim in its pleading that Treasures and the developer of the project, KMC, "jointly contracted with [South Florida Coastal] for the subject work.” As the allegations in the complaint are quite minimal, attached to this dissent is the complaint in it entirety. (Appendix 1)

. With respect to Count 2 (foreclosure of the mechanic's lien), paragraph eighteen of the Complaint repeats the identical allegation asserted in paragraph four supra.

. In its own motion for summary judgment and opposition to Treasures' motion for summary judgment, South Florida Coastal conceded that the contract was “oral” and not written.

. For example, South Florida Coastal could have sought leave of court to amend its complaint to allege a breach of an oral contract, unjust enrichment, account stated, open account, or equitable lien. For whatever reason, South Florida Coastal chose not to do so.

. I disagree with the majority that Treasures "injected” the issue of agency into the proceedings below, through a “vaguely pleaded affirmative defense.” Attached as Appendix 2 is a copy of all of Treasures' affirmative defenses. An affirmative defense must be pled with specificity. See Zito v. Wash. Fed. Sav. & Loan Ass’n, 318 So.2d 175 (Fla. 3d DCA 1975); Walker v. Walker, 254 So.2d 832 (Fla. 1st DCA 1971). At a summary judgment hearing, a court may only consider those issues raised by the pleadings. See Hemisphere Nat’l Bank v. Goudie, 504 So.2d 785 (Fla. 3d DCA 1987); Reina v. Gingerale Corp., 472 So.2d 530 (Fla. 3d DCA 1985).

. On February 25, 2008, in a separate action filed by South Florida Coastal, the Honorable Robert Scola entered a final judgment against the developer of the project/defendant KMC in the amount of $269,913, which with prejudgment interest and costs totaled $306,852.67. The judgment, however, remains unsatisfied.

. See Appendix 2 for the entirety of Treasures’ affirmative defenses.

. Florida Rule of Civil Procedure 1.130 provides:
Attaching Copy of Cause of Action and Exhibits
(a) Instruments Attached. All ... contracts, accounts, or documents upon which action may be brought ... or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading ...
(b) Part for All Purposes. Any exhibit attached to a pleading shall be considered a part thereof for all purposes ...

. Specifically, Treasures' motions for summary judgment stated as follows: "Fla. R. Civ. P. 1.130(a) requires a copy of the contract upon which the action is based to be attached to the complaint. Plaintiff has repeatedly failed to produce, because it cannot produce, a contract with Association which would obligate Association for the services rendered by the Plaintiff because such a contract does not exist and has never existed.”

. Florida Rule of Civil Procedure 1.100 provides:
(a) Pleadings. There shall be a complaint or, when so designated by a statute or rule, a petition and an answer to it; an answer to a counterclaim denominated as such; an answer to a crossclaim if the answer contains a crossclaim; a third-party complaint if a person who was not an original party is summoned as a third-party defendant; and a third-party answer if a third-party complaint is served. If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance. No other pleadings shall be allowed.