# Third District Court of Appeal

## State of Florida

Opinion filed August 19, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2604
Lower Tribunal No. 04-2996
_____

**Lisa Wilson and
Keisha Salmon, etc.,**
Appellants,

vs.

**Richard Stone, M.D., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Brett C. Powell and P. Brandon Perkins and Alexander Brockmeyer, for appellants.

Fowler White Burnett and Marc J. Schleier and Christopher E. Knight, for appellees.


Before SUAREZ, C.J., and WELLS and SHEPHERD, JJ.

SHEPHERD, J.

Lisa Wilson and Keisha Salmon, Co-Personal Representatives of the Estate of Marjorie Salmon Graham, appeal a final summary judgment in favor of the University of Miami on the Estate's claim of vicarious liability for negligent medical treatment provided to Ms. Graham. We affirm.

In this twelve-year-old medical malpractice case, the Estate sued the University of Miami, several physicians and related or associated entities, for failure to diagnose a cancerous lesion located in Marjorie Salmon Graham's breast, which resulted in her death. The Estate alleged the University of Miami was vicariously liable for the actions of "its agents, apparent agents, servants and/ or employees;" but the only physician specifically identified in the complaint as associated with the University was Dr. Pedro Velez ("Dr. Velez").[1] In 2012, when the University of Miami moved for final summary judgment, claiming it was not responsible for the care and treatment provided by Dr. Velez, the Estate filed a response directed only to the issue of whether the University was liable for the actions of Dr. Velez. It was not until April 19, 2013, at the hearing on the motion for summary judgment, that the Estate, for the first time argued the University of Miami may be vicariously liable for the negligence of other physicians. Rather than seeking leave to amend its complaint to include these new allegations,

_____

[1] The Estate's first complaint was filed on February 6, 2004. Thereafter, the Estate amended its complaint four times to correct pleading deficiencies and to add additional parties. The amended complaint adding the University of Miami as a party was filed on October 8, 2004.

2

however, the Estate requested the trial court grant the University only a partial summary judgment as to the liability of Dr. Velez. The trial court denied this request and entered final summary judgment in favor of the University of Miami.

On appeal, the Estate argues it was denied due process because it was not given an opportunity to present evidence on the University's vicarious liability for the negligence of other physicians prior to entry of the final summary judgment.[2] This claim is without merit as the law is well settled that, on a motion for summary judgment, the trial court considers only the issues raised in the pleadings. Saralegui v. Sacher, Zelman, Van Sant, Paul, Beily, Hartman & Waldman, P.A., 19 So. 3d 1048, 1051 (Fla. 3d DCA 2009) (quoting Fernandez v. Fla. Nat'l Coll., Inc., 925 So. 2d 1096, 1101 (Fla. 3d DCA 2006)) ("'[I]ssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing.'"); see also Spatz v. Embassy Home Care, Inc., 9 So. 3d 697, 698 (Fla. 4th DCA 2009); Title Ins. Co. v. Carter, 670 So. 2d 1115 (Fla. 5th DCA 1996); Hemisphere Nat'l Bank v. Goudie, 504 So. 2d 785 (Fla. 3d DCA 1987; Reina v. Gingerale Corp., 472 So. 2d 530, 531 (Fla. 3d DCA 1985). Therefore, because the University of Miami's vicarious liability for the negligence of other physicians was not sufficiently plead, there was no entitlement to additional summary judgment proceedings and no due process violations occurred. The trial court did not err in

---

[2] A final summary judgment is subject to de novo review. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

granting final summary judgment for the University of Miami as to the only doctor identified in the pleadings, Dr. Velez.

Affirmed.