# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1405
Lower Tribunal Nos. 19-30442, 20-4888
_____

**EMG Jockey Club LLC,**
Appellant,

vs.

**Apeiron Miami, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Ryan V. Kadyszewski, P.A., and Ryan V. Kadyszewski (Palm Beach Gardens), for appellant.

Stok Kon + Braverman, and Robert A. Stok and David I. Rosenblatt (Fort Lauderdale), for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. See §489.128(2), Fla. Stat. (2018) (providing: "Notwithstanding any other provision of law to the contrary, if a contract is rendered unenforceable under this section, no lien or bond claim shall exist in favor of the unlicensed contractor for any labor, services, or materials provided under the contract *or any amendment thereto*.") (emphasis added.); Fernandez v. Fla. Nat'l Coll., Inc., 925 So. 2d 1096, 1101 (Fla. 3d DCA 2006) (holding that "issues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing"); Am. Title Ins. Co. v. Carter, 670 So. 2d 1115 (Fla. 5th DCA 1996) (reversing summary judgment where trial court relied on estoppel theory not raised in the pleadings). See also Elison v. Goodman, 395 So. 2d 1201, 1202 (Fla. 3d DCA 1981) (holding: "The judgment is affirmed, notwithstanding the filing of an affidavit in opposition to the summary judgment in which Mr. Elison directly contradicted his deposition testimony concerning the date of discovery, so as to bring it within the limitations period. The trial court properly struck this affidavit under the now well-settled rule, which had its genesis in Ellison v. Anderson, 74 So. 2d 680 (Fla.1954), that a party is not permitted to alter a previously asserted position simply to avert summary judgment."); McKean v. Kloeppel Hotels, Inc., 171 So. 2d 552, 556 (Fla. 1st DCA 1965) ("Paralleling those rules of law which impose upon the party moving for summary judgment the

above mentioned heavy burdens is the rule that the party opposing the motion will not be permitted to alter his position as occasion may indicate to be expedient in order to evade the consequences of his previous pleadings, admissions, affidavits, depositions or testimony.")