# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1529
Lower Tribunal No. 17-14026 SP
_____

**Florida Insurance Guaranty Association,**
Appellant,

vs.

**Manuel V. Feijoo, M.D., and Manuel V. Feijoo, M.D., P.A., etc.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Kubicki Draper, P.A., and Caryn L. Bellus and Jacqueline M. Bertelsen and Barbara E. Fox, for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein; Law Offices of Kenneth B. Schurr, P.A., and Kenneth B. Schurr, for appellees.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Florida Insurance Guaranty Association ("FIGA") appeals an order of

final summary judgment entered in favor of Manuel V. Feijoo, M.D., and Manuel V. Feijoo, M.D., P.A., a/a/o Jaqueline O'Reilly ("Feijoo"). Because the trial court erred in granting a motion for summary judgment on a claim that was not pled, we reverse.

## BACKGROUND

In 2017, Feijoo filed suit against Windhaven Insurance Company ("Windhaven") raising two counts: (1) for breach of contract for failure to pay PIP benefits; and (2) for declaratory relief establishing whether Windhaven had improperly cancelled the subject insurance policy for alleged nonpayment without notice. FIGA was substituted as defendant after Windhaven was declared insolvent. In 2021, Feijoo filed an amended complaint now naming FIGA as defendant but raising identical claims.

While the litigation was pending, FIGA tendered full payment to Feijoo for its claim. Feijoo subsequently filed a motion for summary judgment as to its declaratory judgment claim now alleging it was entitled as a matter of law to a declaration that: (1) the subject insurance policy was in full force and effect on the date of loss and throughout the term of the policy; (2) the policy was not void ab initio; and (3) there was no material misrepresentation on the policy application. FIGA filed its own motion for final summary judgment

2

and response asserting, in part, that Feijoo's motion sought judgment on claims not pled.

The trial court held a hearing on the motions and entered an order granting Feijoo's motion for summary judgment and denying FIGA's motion. FIGA moved for rehearing reasserting its arguments, but the trial court denied the motion. This appeal followed.

**ANALYSIS**

"We review an order granting final summary judgment de novo." Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1279 (Fla. 3d DCA 2023). It is well-established Florida law that a party is not entitled to summary judgment on a cause of action that was never pled. See Kuehne & Nagel, Inc. v. Lewis Marine Supply, Inc., 365 So. 2d 204, 205 (Fla. 3d DCA 1978) ("It is axiomatic that a party is never entitled to summary judgment based on a cause of action not pled in the complaint."); Wilson v. Jacks, 310 So. 3d 545, 547 (Fla. 1st DCA 2021) ("[I]ssues and claims not specifically pleaded in a party's complaint or answer cannot be considered by a trial court reviewing a summary judgment motion."); Fernandez v. Fla. Nat'l Coll., Inc., 925 So. 2d 1096, 1101 (Fla. 3d DCA 2006) ("[I]ssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing.").

Review of the record shows Feijoo's motion sought summary judgment on a declaratory claim it did not plead. In the applicable amended complaint, Feijoo's declaratory judgment claim sought a declaration that the subject insurance policy was not properly cancelled for alleged nonpayment. However, in its motion for summary judgment, Feijoo for the first time asserted it was entitled to summary judgment on a declaratory judgment claim for a declaration that the subject policy was in full force and effect, not void ab initio, and there was no material misrepresentation in the application for insurance. While both were claims for declaratory judgment, the actual declaration sought in the motion for summary judgment was substantially different than the one in the complaint. Accordingly, we find the trial court erred in granting Feijoo's motion as Feijoo was not entitled to summary judgment on a declaratory relief claim it never pled.

Reversed and remanded.