# Third District Court of Appeal

## State of Florida

Opinion filed June 3, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1015
Lower Tribunal No. 23-9173-CC-05
_____

**Best&Beam Management, Inc.,**
Appellant,

vs.

**Marc Silverstone, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Grumer Law, P.A., and Keith T. Grumer (Weston), for appellant.

Weintraub & Weintraub, P.A., and Peter B. Weintraub (Boca Raton), for appellee Marc Silverstone.

Before LINDSEY, GORDO and GOODEN, JJ.

PER CURIAM.

Appellant Best&Beam Management, Inc. appeals a final summary judgment ruling that text messages between the tenant, Appellee Marc Silverstone, and property manager modified the written terms of the lease. Yet Silverstone never pled modification in his complaint. He only asserted a breach of lease claim. Because a trial court cannot grant summary judgment on an unpled theory, we reverse. See Fernandez v. Fla. Nat'l. Coll., Inc., 925 So. 2d 1096, 1101 (Fla. 3d DCA 2006) ("[I]ssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing."); Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 29 (Fla. 3d DCA 2003) ("To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights."); Hemisphere Nat'l Bank v. Goudie, 504 So. 2d 785, 786 (Fla. 3d DCA 1987) ("That claim, however, was not included in the pleadings, and under Florida law a court hearing a case on a motion for a summary judgment can only consider those issues raised by the pleadings. Since the complaint was not broad enough to include a claim against Goudie as an endorser of the note, that question was not properly before the court.") (internal citation omitted); Reina v. Gingerale Corp., 472 So. 2d 530, 531 (Fla. 3d DCA 1985) ("At a summary judgment hearing, the court must only consider those issues made by the pleadings.").

Reversed and remanded.